WOLFRUM, APPELLEE, *v.* WOLFRUM, A MINOR, ET AL., APPELLANTS, ET AL.

(No. 39157—Decided June 16, 1965.)

*Mr. Otto W. Hess* and *Mr. George A. Meekison*, for appellee.

*Messrs. Weaner, Hutchinson & Zimmerman* and *Mr. John E. Zimmerman*, for appellants.

MATTHIAS, J.  The sole issue raised by this appeal is whether the Court of Common Pleas has jurisdiction of an action to rescind a renunciation of an interest in intestate succession filed with the Probate Court pursuant to Section 2105.061, Revised Code.

The basis for the jurisdiction of both the Court of Common Pleas and the Probate Court is found in Article IV of the Ohio Constitution.

Section 4 of Article IV provides:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law."

Section 8 of Article IV provides:

"The Probate Court shall have jurisdiction in probate and testamentary matters * * * and such other jurisdiction, in any county, or counties, as may be provided by law."

Except for probate and testamentary matters which are reserved to the Probate Court, the Probate Court and the Common Pleas Court have such jurisdiction, and only such jurisdiction, as the Legislature chooses to grant them.  The Legislature has the power to make jurisdiction of any action, which does not involve a probate or testamentary matter, exclusive with either court; to give both courts concurrent jurisdiction; or to deny jurisdiction to both.

There is no statute which specifically covers the cancellation of a renunciation.  Section 2305.01, Revised Code, gives the Court of Common Pleas jurisdiction in all civil cases where the matter in dispute exceeds the exclusive original jurisdiction of County Courts.  This grant of jurisdiction is apparently broad enough to include the instant case.  However, the Legislature has provided that certain jurisdiction shall be exclusive in the Probate Court.  The Probate Court has exclusive jurisdiction, unless otherwise provided by law, as to all matters set forth in Section 2101.24, Revised Code, and as to all matters pertaining

directly to the administration of estates. Paragraph one of the syllabus of *Jacobsen* v. *Jacobsen*, 164 Ohio St. 413, is approved and followed.

Section 2101.24 provides, in pertinent part, as follows:

"Except as otherwise provided by law, the Probate Court has jurisdiction:

"* * *

"(C) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates * * *.

"* * *

"*Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.*

"The Probate Court shall have plenary power at law *and in equity* fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute." (Emphasis added.)

The Probate Court of Defiance County had jurisdiction to direct and control the administration of the estate of Harold P. Wolfrum. The administration of that estate would necessarily include the renunciation of his intestate share of the estate filed by plaintiff and his action to rescind the renunciation.

The Probate Court has plenary power at law and in equity fully to dispose of any matter properly before the court unless the power is expressly otherwise limited or denied by statute. Section 2101.24, Revised Code; paragraph one of the syllabus of *In re Estate of Yost*, 163 Ohio St. 593. The Legislature has not limited or denied the equity power of the Probate Court with respect to the type of action involved herein. The Probate Court of Defiance County therefore would have had full power in equity, if it so determined, to rescind the renunciation on the basis of mistake.

Since the Probate Court had jurisdiction to rescind the renunciation, and there is no statute giving the Court of Common Pleas concurrent jurisdiction of the matter, Section 2101.24 requires that the jurisdiction be exclusive in the Probate Court.

Plaintiff argues that the decision in *Jacobsen* v. *Jacobsen*,

*supra,* requires the opposite result. There, this court held that the Court of Common Pleas had jurisdiction to afford relief to parties damaged by a fraudulently procured or forged will.

In the *Jacobsen case,* it was alleged that the document admitted for probate was not the will of the decedent; that the signature of the decedent who was infirm and totally blind had been obtained by fraud; that the witnesses to the alleged will had perjured themselves; that the executor had fraudulently procured waivers from the plaintiffs for the purpose of probating the will; and that the executor had filed a fraudulent inventory. The Probate Court has little discretion in a proceeding to admit a will to probate. A prima facie case in favor of the validity of the will is all that is required. The Probate Court does not weigh the evidence in such a proceeding but merely considers evidence favorable to the validity of the will. *In re Will of Elvin,* 146 Ohio St. 448; *In re Estate of Lyons,* 166 Ohio St. 207.

If the will offered for probate apparently satisfies the formal requirements and there is evidence to support its validity, the Probate Court must admit the will to probate even though there is also evidence indicating fraud or forgery. These latter issues ordinarily are to be determined in the Common Pleas Court in an action to contest the will.

In *Jacobsen,* the administration had been completed, the estate closed and the period in which a will contest could be brought had elapsed. Plaintiff brought suit to have the purported beneficiary and executor held to be a trustee *ex maleficio.*

That suit involved no direct interference with the administration of Jacobsen's estate. The judgment of the Probate Court would not be disturbed. Plaintiffs were seeking to have defendants declared constructive trustees of the property distributed to them.

Judge Hart emphasized this point by quoting, as follows, from the opinion of the Court of Appeals in that case:

" 'It should be repeated that this action is not against the executor or administrator of an estate in process of administration by the Probate Court. It is against an individual alleged to have committed fraud in obtaining the execution of an in-

valid will, its probate and the fraudulent acquisition of property rightfully belonging to the plaintiffs.' " *Jacobsen* v. *Jacobsen, supra,* 417.

In the instant case, an action in the Court of Common Pleas to rescind the renunciation would interfere with the administration of the estate by the Probate Court. Since the Probate Court has plenary power in equity to determine the rights of the parties and grant the relief sought, such interference is unnecessary.

We find, therefore, that the Probate Court has exclusive jurisdiction of an action to rescind a renunciation of intestate succession properly filed with it.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.