**In re ESTATE OF SNEED.**

[Cite as *In re Estate of Sneed,* 166 Ohio App.3d 595, 2006-Ohio-1868.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–06–1054.

Decided April 12, 2006.

James L. Major, for appellant.

Sarah A. McHugh, for appellee.

Per Curiam.

{¶ 1} Appellee, attorney Sarah McHugh, administrator of the estate of Andre Sneed, has filed a motion to dismiss the appeal filed by Jessie J. Fitzgerald Jr., the former administrator of the estate. The order from which Fitzgerald is appealing removed him as administrator and appointed McHugh as the new administrator. In the motion to dismiss, McHugh states that the order removing Fitzgerald as administrator is not appealable until the estate is closed. Fitzgerald has not filed a response to the motion.

{¶ 2} The issue of whether a ruling on a motion to remove a party as the administrator of an estate is final and appealable at the time it is entered has a long and tortured history in Ohio. See *In re Estate of Gannett* (Nov. 27, 2001), 6th Dist. No. H–01–047, 2001 WL 1518035.

{¶ 3} All final-appealable-order issues begin with an analysis of R.C. 2505.02, which governs final and appealable orders in Ohio. There are only two categories of orders listed in that statute that could have any applicability to the grant or denial of a motion to remove an executor of an estate: R.C. 2505.02(B)(2) and (4). R.C. 2505.02 states as follows:

{¶ 4} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 5} " * * *

{¶ 6} "(2) An order that affects a substantial right made in a special proceeding [1] or upon a summary application in an action after judgment;

{¶ 7} " * * *

{¶ 8} "(4) An order that grants or denies a provisional remedy [2] and to which both of the following apply:

{¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

---

1. " 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

2. " 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [and] suppression of evidence * * *." R.C. 2505.02(A)(3).

{¶ 11} We will first address the special-proceeding category, R.C. 2505.02(B)(2). There is a split of opinion in Ohio on whether probate proceedings are "special proceedings" as that term is used in R.C. 2505.02. See *In re Estate of Bloom* (June 21, 2000), 6th Dist. No. H–00–020, in which we held that probate proceedings are not special proceedings, recognized a conflict on that issue, and certified the conflict to the Supreme Court of Ohio. The appeal to that court on the certified question was dismissed, *In re Estate of Bloom* (2000), 90 Ohio St.3d 1487, 739 N.E.2d 813, and the state's high court has not addressed the issue. We remain of the opinion that probate proceedings are not special proceedings and that an order ruling on a motion to remove an executor in a probate estate is not a final, appealable order pursuant to R.C. 2505.02(B)(2).

{¶ 12} We next address the "provisional remedy" portion of the statute, R.C. 2505.02(B)(4). In *In re Estate of Packo* (Feb. 15, 2000), 6th Dist. No. L–99–1350, 2000 WL 191784, we held that an order granting or denying a motion to remove an executor is not appealable under R.C. 2505.02(B)(4), because even if the order is a provisional remedy, any financial harm done by the administrator of an estate can be addressed on appeal at the conclusion of the entire estate proceedings and, therefore, R.C. 2505.02(B)(4)(b) is not met.

{¶ 13} We addressed this issue again in *In re Estate of Gannett* (Nov. 27, 2001), 6th Dist. No. H–01–047, 2001 WL 1518035, in which we reaffirmed our decision in *Packo* and noted that our decision is in conflict with the Tenth District Court of Appeals in *In re Estate of Nardiello* (Oct. 30, 2001), 10th Dist. No. 01AP–281, 2001 WL 1327178. The Tenth District held that "the removal of appellant as executor * * * constitutes a final appealable order from which appellant may [immediately] appeal" pursuant to R.C. 2505.02(B)(4) because "[t]he removal of an executor * * * falls within this category of provisional remedies for which no meaningful or effective remedy could be granted upon an appeal by an executor following final resolution of the estate, since there would no longer be any opportunity for the executor to undertake his duties and functions as executor." See R.C. 2505.02(B)(4)(b).

{¶ 14} Finding that a conflict existed between our holding in *Gannett* and the holding in *Nardiello*, we certified a conflict to the Supreme Court of Ohio on the following question: Is an executor of a probate estate denied a meaningful or effective remedy if he must wait until the entire probate proceedings are concluded to appeal an order granting a motion to remove him as executor of the estate? No appeal was taken to the Ohio Supreme Court in *Gannett*, and the issue has not been addressed by that court.

{¶ 15} Since our 2001 decision in *Gannett*, two additional appellate districts have addressed this issue of whether an appeal can be taken from an order granting or denying a motion to remove a probate estate's executor; *In re Estate of Geanangel* (2002), 147 Ohio App.3d 131, 768 N.E.2d 1235, and *In re Estate of*

*Meloni* (Dec. 30, 2004), 11th Dist. No. 2003–T–0096, 2004-Ohio-7224, 2004 WL 3090190, appeal not accepted for review, 105 Ohio St.3d 1546, 2005-Ohio-2188, 827 N.E.2d 328. In *Geanangel*, the trial court granted a motion to remove an executor and the executor appealed. The Seventh District held that the order is final and appealable as a provisional remedy because if the aggrieved party must wait for an appeal following final resolution of the estate, his opportunity to undertake his duties and functions as executor of the estate are forever lost.

{¶ 16} In *Meloni*, the trial court denied a motion to remove the co-executors of an estate. On appeal, the Eleventh District found the denial to be a final, appealable order as a provisional remedy because "appellant would have no effective or meaningful remedy following the final resolution of the estate because appellees' duties, as co-executors, would terminate."

{¶ 17} The difference in our holding in *Gannett* and *Packo* and the holdings of the Seventh, Tenth, and Eleventh Districts in *Geanangel*, *Nardiello*, and *Meloni* is the focus on what will be lost if a party who wishes to be the executor of an estate is not allowed to serve in that capacity. Our decisions focused on whether any mistakes or mishandling of estate assets could be remedied by an appeal after the estate is closed; the other districts focused on whether a person's missed opportunity to administer the estate himself could be remedied by an appeal after the estate is closed.

{¶ 18} In considering all of the above, we are persuaded that the approach taken by the Seventh, Tenth, and Eleventh Districts is sound and more realistic than our previous holding. By focusing on the loss of a person's opportunity to be the executor of an estate, the courts in *Geanangel*, *Nardiello*, and *Meloni* acknowledge that such a loss cannot be remedied. Our focus in *Gannett* and *Packo* on the economic impact of a decision as to who will administer an estate, and the conclusion that any mistakes or mishandling of estate assets could be remedied after the estate closed, is theoretically true, but in practice not realistic. Once an estate has been administered, all of the decisions about how to value, invest, dispose of, and distribute the assets of the estate will have been made. Second guessing those decisions after the fact is generally futile, and even if mishandling can be proven, trying to recover the assets may be even more futile. Thus, we overrule our prior determination that an order ruling on a motion to remove an executor from a probate estate is not final and appealable and now hold that pursuant to R.C. 2505.02(B)(4), such an order is final and appealable.

{¶ 19} Accordingly, the motion to dismiss this appeal is denied. Appellant shall file his assignments of error and brief within 20 days of the date of this decision and judgment entry. It is so ordered.

Motion denied.

SINGER, P.J., SKOW and PARISH, JJ., concur.