[Cite as *In re Cletus P. McCauley & Mary A. McCauley Irrevocable Trust*, 2014-Ohio-3489.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| | : | |
| IN RE: | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| CLETUS P. MCCAULEY AND MARY | : | Hon. Craig R. Baldwin, J. |
| A. MCAULEY, | : | |
| IRREVOCABLE TRUST | : | |
| | : | Case No. 2013CA00237 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
Common Pleas, Probate Division, Case
No. 208532

JUDGMENT:        AFFIRMED

DATE OF JUDGMENT ENTRY:        August 11, 2014

APPEARANCES:

For Plaintiffs-Appellants:        For Defendant-Appellee:

CRAIG. T. CONLEY
604 Huntington Plaza
220 Market Ave. S.
Canton, OH 44702

JOHN R. FRANK
T.K. Harris Building -- Suite 102A
3930 Fulton Dr., NW
Canton, OH 44718

TERRENCE L. SEEBERGER
3475 Ridgewood Road
Akron, OH 44333

*Delaney, J.*

{¶1}   Appellants Emily R. Clark and Jennifer M. Fricke appeal the November 25, 2013 judgment entry of the Stark County Court of Common Pleas, Probate Division that appointed Terrence L. Seeberger, Esq. to represent the Cletus P. McCauley and Mary A. McCauley Irrevocable Trust and ordered Emily Clark and Fricke to post a $10,000.00 supersedeas bond.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Cletus and Mary McCauley were the parents of four children, including Paula A. Clark and Kevin L. McCauley. On May 29, 2007, Cletus and Mary McCauley executed a will that gave specific sums of money to their children. The remainder was to pour-over into the Cletus P. McCauley Trust. On May 29, 2007, the McCauleys also created the Cletus P. & Mary A. McCauley Irrevocable Trust designed primarily to benefit Kevin McCauley, their special needs adult son.

{¶3}   Paula Clark is the mother of two adult daughters, Jennifer M. Fricke and Emily R. Clark. Fricke and Emily Clark are the appellants in the instant appeal. Fricke and Emily Clark base their standing in this matter upon their status as a beneficiary of the McCauley Estate and/or as remainder beneficiaries of the McCauley Irrevocable Trust.

{¶4}   Mary McCauley died on August 9, 2008. Cletus McCauley died on December 23, 2008. Paula Clark was appointed to serve as the Executrix and opened Cletus McCauley's estate in the Stark County Probate Court on December 30, 2008. Raymond McCauley was appointed the Trustee of the McCauley Irrevocable Trust. On

September 15, 2008, Paula Clark was appointed the first successor Trustee for the McCauley Irrevocable Trust because of Raymond McCauley's health issues.

{¶5} Since 2009, the parties involved with the McCauley Estate and McCauley Irrevocable Trust have been embroiled in litigation, featured in the Probate Court, General Division of the Stark County Court of Common Pleas, Fifth District Court of Appeals, and Ohio Supreme Court. The actions of the parties to the McCauley Estate and Irrevocable Trust have resulted in at least six Probate Court cases and eight appeals with issues and claims so intertwined that the procedural history is very lengthy. A visiting judge was assigned by the Supreme Court to preside over the multiple Probate Court cases on October 20, 2011. A second visiting judge was assigned on May 7, 2014.

{¶6} On April 8, 2009, the Guardian of the Estate of Kevin McCauley filed Objections to the Inventory and Appraisal filed by Paula Clark for the McCauley Estate. The Guardian objected on the belief that significant assets were not included in the Inventory and Appraisal. On February 22, 2010, Paula Clark filed a declaratory judgment action in the General Division, requested a declaratory judgment as to the validity of certain bank accounts. The General Division case was transferred to the Probate Court and the decision to transfer the case was affirmed on appeal.

{¶7} On March 24, 2010, the Guardian of the Estate of Kevin McCauley filed an action in the Probate Court in Case No. 208532 to remove Paula Clark as the Executrix and the first successor Trustee. The basis for the complaint was the declaratory judgment action originally filed in the General Division where Kevin McCauley alleged Paula Clark took assets belonging to the Estate, which thereby created a conflict in her

position as Executrix and Trustee. The Guardian requested that Paula Clark make an accounting to the Estate and Trust and be ordered to pay back the Estate and Trust.

{¶8}   On August 3, 2010, Paula Clark filed an answer and counterclaim in Case No. 208532. She requested declaratory judgment that the bank accounts were proper and Paula Clark's property.

{¶9}   In Probate Case No. 209512, the court (1) removed Paula Clark as the Executrix of the McCauley Estate on July 13, 2010; and (2) appointed John Frank, Esq. to serve as the administrator with will annexed (WWA) of the McCauley Estate on July 28, 2010. Paula Clark, Jennifer M. Fricke, and Emily R. Clark filed four motions to remove John Frank as the administrator of the McCauley Estate. The Probate Court denied the motions and this court affirmed on appeal.

{¶10} On November 16, 2010, Probate Case No. 208532 was stayed due to Paula Clark's bankruptcy notice.

{¶11} On November 18, 2010, the Probate Court named John Frank as the second successor Trustee of the McCauley Irrevocable Trust under Case No. 208532.

{¶12} On July 27, 2011, the McCauley Estate and the McCauley Irrevocable Trust filed a legal malpractice action in the General Division against Craig Conley, Esq., counsel for Paula Clark, Jennifer Fricke, and Emily Clark. The parties settled the matter.

{¶13}  On November 17, 2011, in Probate Case Nos. 204989 and 209055, the court determined five bank accounts claimed to be Paula Clark's property were Estate assets. This court affirmed the judgment in Case No. 2011CA00272.

{¶14} On June 20, 2013, Paula Clark, Jennifer Fricke, and Emily Clark filed a motion for reimbursement in the Probate Court Case No. 209512 alleging that John

Frank misused funds of the Estate to pay for a legal malpractice expert in the amount of $4,906.25.

{¶15} On June 24, 2013, John Frank filed a motion to appoint a third successor Trustee in Case No. 208532.

{¶16} Kevin McCauley passed away on September 6, 2013. Kevin McCauley's funeral occurred on September 9, 2013. On September 9, 2013, John Frank filed a motion with the Probate Court in Case No. 208532 for authority to pay for Kevin McCauley's funeral and burial expenses from the Irrevocable Trust in the amount of $7,738.31. The Probate Court granted the motion on September 9, 2013.

{¶17} On September 11, 2013, Paula Clark, Jennifer Fricke, and Emily Clark filed a motion to appoint a third successor Trustee. They withdrew the motion on October 3, 2013.

{¶18} On September 18, 2013, Fricke and Emily Clark appealed the September 9, 2013 judgment entry in Probate Case No. 208532 to this court in Case No. 2013CA00188. A review of the total record shows that Fricke and Emily Clark argued in the Probate Court that their appeal of the September 9, 2013 judgment entry in Case No. 2013CA00188 divested the Probate Court of jurisdiction over the Irrevocable Trust.

{¶19} On September 20, 2013, Emily Clark and Fricke filed a declaratory judgment action in the General Division under Case No. 2013CV02559 alleging John Frank as second successor Trustee breached his fiduciary duties to the Irrevocable Trust beneficiaries.

{¶20} On October 15, 2013, the Probate Court denied the motion for reimbursement. Paula Clark, Jennifer Fricke, and Emily Clark appealed the judgment to this court in Case No. 2013CA00222 on November 13, 2013.

{¶21} On October 23, 2013, the Probate Court scheduled a hearing for November 13, 2013 to set a bond on the appeals of judgments rendered in Probate Court Case Nos. 209512, 208532, 209055, and 205029.

{¶22} On November 8, 2013, the General Division in Case No. 2013CV02559 transferred the declaratory judgment action to the Probate Court to be consolidated with Probate Case No. 208532.

{¶23} On November 13, 2013, the Probate Court held a hearing in Case No. 208532. A transcript of the hearing was not filed with the instant appeal.

{¶24} On November 21, 2013, Fricke and Emily Clark filed a declaratory judgment action against John Frank in Probate Court Case No. 219397. The trial court determined that General Division Case No. 2013CV02559 should be consolidated with Probate Court Case No. 219397, instead of Case No. 208532.

{¶25} On November 25, 2013, in Case No. 208532, the Probate Court issued a judgment entry, which is the subject of the instant appeal. The Probate Court determined it had jurisdiction to rule on matters while Fricke and Emily Clark appealed other issues. The Probate Court also held it had jurisdiction to preside over the administration of the inter vivos trust, even though the beneficiary of the trust was deceased. The court ordered Fricke and Emily Clark to post a $10,000.00 supersedeas bond during the pendency of the appeals, to cover additional costs and expenses. In that same order, the Probate Court found it was in the best interests of the trust to

appoint Terrence L. Seeberger, Esq. to represent the interests of the McCauley Irrevocable Trust due to the "multiple issues remaining for determination in the trust proceeding, the multiple appeals, and the ongoing litigious nature of disputes involving the beneficiaries and the trust."

{¶26} Fricke and Emily Clark filed a notice of appeal of the November 25, 2013 judgment entry on December 4, 2013 in Case No. 2013CA00237.

{¶27} On February 3, 2014, the trial court consolidated Case No. 208532 with Case No. 219397. Fricke and Emily Clark appealed the Probate Court's decision to consolidate in Case No. 2014CA00031. On March 7, 2014, the Probate Court ordered that Paula Clark's pending counterclaim in Case No. 208532 would be heard in Case No. 219397.

{¶28} On April 10, 2014, John Frank filed Motion for Instructions as to the Irrevocable Trust in Probate Court Case No. 220494. On April 17, 2014, counsel for the Irrevocable Trust filed a proposed distribution of the Irrevocable Trust. Fricke and Clark objected on jurisdictional grounds. On July 15, 2014, the Probate Court overruled the jurisdictional objections and issued a judgment entry that ordered the second successor Trustee to distribute one-half of the Irrevocable Trust balance, or $129,000, to the beneficiaries, in equal shares. The court also ordered Frank not to make any additional distributions until the completion of all Estate/Irrevocable Trust litigation.

## ASSIGNMENT OF ERROR

{¶29} Fricke and Emily Clark raise one Assignment of Error:

{¶30} "THE TRIAL COURT ERRED IN ITS ISSUANCE OF THE NOVEMBER 25, 2013 JUDGMENT ENTRY NOW ON APPEAL."

**ANALYSIS**

Final and Appealable Order

{¶31} The first issue we must examine is whether the November 25, 2013 judgment entry is a final, appealable order. The November 25, 2013 judgment entry appointed independent counsel for the Irrevocable Trust and ordered Fricke and Emily Clark to post a $10,000.00 supersedeas bond. Counsel for the Irrevocable Trust argues the November 25, 2013 judgment entry is an interlocutory order. An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its discretion. *See* Section 3(B)(2), Article IV, Ohio Constitution; *see also* R.C. 2505.02. If an order is not final and appealable, the appellate court is without jurisdiction to review the matter and must dismiss the appeal. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶32} To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02(B) provides the following:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶33} Our research on the issue of a final, appealable order in a probate proceeding has shown there is a disagreement among the appellate districts as to whether a judgment entry during a probate court proceeding as to the administration of an estate or a trust is a final, appealable order. The Ohio Supreme Court has not weighed in on that question as of the date of the authoring of this opinion. One query that has caused the greatest debate among the courts is whether a ruling on a motion to remove an executor is a final, appealable order. While the issue in our case is whether the Probate Court's sua sponte appointment of independent counsel to represent the interests of the Irrevocable Trust is a final, appealable order, we find the analysis of whether a ruling on a motion to remove an executor is final and appealable is of relevance to the question presented in the case sub judice.

{¶34} The Sixth District Court of Appeals in the case of *In re Estate of Sneed*, 166 Ohio App.3d 595, 2006-Ohio-1868, 852 N.E.2d 234 (6th Dist.) analyzed the question of whether a ruling on a motion to remove an executor is a final, appealable

order. The Sixth District held that under the "provisional remedy" portion of R.C. 2505.02(B)(4), a ruling on a motion to remove an executor from a probate estate is final and appealable. *Sneed* overruled the Sixth District's earlier decision in *In re Estate of Packo*, 6th Dist. Lucas No. L-99-1350, 2000 WL 191784 (Feb. 15, 2000) where it had held that an order granting or denying a motion to remove an executor was not appealable under R.C. 2505.02(B)(4).[1] The *Sneed* court gave the basis for its decision:

> The difference in our holding in [*In re Estate of*] *Gannett* [6th Dist. Huron No. H-01-047, 2001 WL 1518035 (Nov. 27, 2001)] and *Packo* and the holdings of the Seventh, Tenth, and Eleventh Districts in [*In re Estate of*] *Geanangel* [147 Ohio App.3d 131, 768 N.E.2d 1235 (7th Dist.2002)], [*In re Estate of*] *Nardiello* [10th Dist. Franklin No. 01AP-281, 2001 WL 1327178 (Oct. 30, 2001)], and [*In re Estate of*] *Meloni* [11th Dist. Trumbull No. 2003-T-0096, 2004-Ohio-7224] is the focus on what will be lost if a party who wishes to be the executor of an estate is not allowed to serve in that capacity. Our decisions focused on whether any mistakes or mishandling of estate assets could be remedied by an appeal after the estate is closed; the other districts focused on whether a person's missed opportunity to administer the estate himself could be remedied by an appeal after the estate is closed.
>
> In considering all of the above, we are persuaded that the approach taken by the Seventh, Tenth, and Eleventh Districts is sound and more realistic than our previous holding. By focusing on the loss of a person's

---

[1] This court relied on *Packo* in *In re Estate of Endslow*, 5th Dist. Delaware No. 99CA-F-07-37 (April 12, 2000) when it dismissed the appeal of a judgment entry of a probate court, in an action for the administration of an estate, which did not dispose of the estate for the lack of a final, appealable's order.

opportunity to be the executor of an estate, the courts in *Geanangel, Nardiello,* and *Meloni* acknowledge that such a loss cannot be remedied. Our focus in *Gannett* and *Packo* on the economic impact of a decision as to who will administer an estate, and the conclusion that any mistakes or mishandling of estate assets could be remedied after the estate closed, is theoretically true, but in practice not realistic. Once an estate has been administered, all of the decisions about how to value, invest, dispose of, and distribute the assets of the estate will have been made. Second guessing those decisions after the fact is generally futile, and even if mishandling can be proven, trying to recover the assets may be even more futile. Thus, we overrule our prior determination that an order ruling on a motion to remove an executor from a probate estate is not final and appealable and now hold that pursuant to R.C. 2505.02(B)(4), such an order is final and appealable.

*In re Estate of Sneed*, 166 Ohio App.3d 595, 2006-Ohio-1868, 852 N.E.2d 234, ¶ 17-18 (6th Dist.).

{¶35} The impetus for the Sixth District's reversal of its prior holding was the reality of estate administration. Trust administration can be considered in the same light as estate administration (to which Judge Trapp called a "distinction without a difference"). *See Guardianship & Protective Servs., Inc. v. Setinsek*, 11th Dist. Trumball No. 2010-T-0099, 2011-Ohio-6515, ¶36 (Trapp, J., dissenting). We find the logic of the analysis in *Sneed* applies to the present case. The instant appeal does not involve the granting or denial of a motion to remove the Trustee to the Irrevocable Trust. It involves

the Probate Court's sua sponte appointment of counsel to represent the interests of the Irrevocable Trust. As counsel to the Irrevocable Trust, Seeberger will be required to make legal choices that will affect the Irrevocable Trust and he will be entitled to collect fees and expenses from the Irrevocable Trust for the exercise of those duties. While not an executor or trustee, counsel for the Irrevocable Trust may have an economic impact on the Irrevocable Trust assets. Under these specific circumstances, we find the holding of *Sneed* is instructive to the present case in that the decision to appoint counsel to the Irrevocable Trust may cause Fricke and Emily Clark to have no effective or meaningful remedy following the resolution of the trust. We therefore find in this case, the November 25, 2013 judgment entry as to the sua sponte appointment of counsel to represent the interests of the Irrevocable Trust is a final and appealable order.

### Jurisdiction

{¶36} Fricke and Emily Clarke first argue in the present appeal that the Probate Court was without jurisdiction to appoint counsel to represent the interests of the Irrevocable Trust. Fricke and Emily Clark assert their appeal of the September 9, 2013 judgment entry permitting the Irrevocable Trust to pay for Kevin McCauley's funeral expenses (Case No. 2013CA00188) divested the Probate Court of jurisdiction to rule on any other matters dealing with the Irrevocable Trust. We disagree.

{¶37} It is a well-recognized principle that once an appeal has been perfected, the trial court loses jurisdiction over the matter, pending the outcome of the appeal. *Ritchey v. Plunkett*, 5th Dist. No. 2013 CA 00105, 2013-Ohio-5695, ¶15 citing *Kane v. Ford Motor Co.*, 17 Ohio App.3d 111, 116, 477 N.E.2d 662 (8th Dist.1984), citing *Vavrina v. Greczanik*, 40 Ohio App.2d 129, 318 N.E.2d 408 (8th Dist.1974) (additional

citations omitted). However, a notice of appeal only divests the trial court of jurisdiction over that part of the final order, judgment, or decree which is sought to be reviewed. *Cramer v. Fairfield Med. Ctr.,* 5th Dist. Fairfield No.2007 CA 62, 2008–Ohio–6706, ¶ 18, citing *Majnaric v. Majnaric*, 46 Ohio App.2d 157, 158, 347 N.E.2d 552 (9th Dist.1975).

{¶38} Fricke and Emily Clark's appeal of the September 9, 2013 judgment entry in Case No. 2013CA00188 divested the Probate Court of jurisdiction over the issue being appealed in that case. The Probate Court continues to have jurisdiction during the pendency of an appeal so long as the exercise of jurisdiction does not interfere with the power of this court to review the appealed judgment. *See Buckles v. Buckles*, 46 Ohio App.3d 118, 120, 546 N.E.2d 965 (10th Dist.1988). The Probate Court, therefore, retained jurisdiction to continue to hear matters in Case No. 208532 not in conflict with the appeal in Case No. 2013CA00188. We find the November 25, 2013 judgment entry does not conflict with the issue appealed in Case No. 2013CA00188.

{¶39} We further find the Probate Court retained jurisdiction over the administration of the Irrevocable Trust pursuant to the duties and powers of the Probate Court as stated in R.C 2101.24 and 5802.01. The statutes state:

R.C. 2101.24:

* * *

(B)(1) The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows:

* * *

(b) Any action that involves an inter vivos trust; a trust created pursuant to section 5815.28 of the Revised Code;

\* \* \*

(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code.

R.C. 5802.01:

\*\*\*

(B) An inter vivos trust is not subject to continuing judicial supervision unless ordered by the court. Trusts created pursuant to a section of the Revised Code or a judgment or decree of a court are subject to continuing judicial supervision to the extent provided by the section, judgment, or decree or by court order.

(C) A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights.

{¶40} The record in this case is replete with the Probate Court's continued exercise of judicial supervision of the Irrevocable Trust as ordered by its judgment entries and the parties' reliance on the Probate Court's continuing jurisdiction by their continual filings in Case No. 208532.

Appointment of Counsel

{¶41} Fricke and Emily Clark next argue the Probate Court was without authority and abused its discretion when it sua sponte appointed independent counsel to represent the interests of the Irrevocable Trust. We disagree.

{¶42} The probate court in Ohio is a court of limited and special jurisdiction and thus has only those powers specifically granted to it by statute. *Corron v. Corron*, 40 Ohio St.3d 75, 77, 531 N.E.2d 708 (1988). R.C. 2101.24(B)(1)(b) authorizes the probate court to "hear and determine * * * any action that involves an inter vivos trust."

{¶43} R.C. 2101.24(C) confers broad authority to the probate court to address collateral matters, including "plenary power at law and in equity to dispose fully of any matter that is properly before the court." *Franklin v. Franklin*, 8th Dist. Cuyahoga No. 94126, 2010-Ohio-4251, ¶ 14 citing R.C. 2101.24(C); *Reinhart v. Bank One Columbus*, 125 Ohio App.3d 719, 728, 709 N.E.2d 559 (10th Dist.1998), citing *Wolfrum v. Wolfrum*, 2 Ohio St.2d 237, 208 N.E.2d 537 (1965), paragraph one of the syllabus. This plenary power authorizes the probate court to exercise complete jurisdiction over the subject matter to the fullest extent necessary. *In re Ewanicky,* 8th Dist. Cuyahoga No. 81742, 2003-Ohio-3351, ¶ 8, citing *Johnson v. Allen*, 101 Ohio App.3d 181, 185, 655 N.E.2d 240 (8th Dist.1995).

{¶44} The November 25, 2013 judgment entry appointed counsel stated:

> The Court finds that due to the multiple issues remaining for determination in the trust proceeding, the multiple appeals, and the ongoing litigious nature of disputes involving the beneficiaries and the trust, that it is in the best interest of the trust to have an attorney represent the trust's interest.

{¶45} Fricke and Emily Clark argue separate counsel to represent the Irrevocable Trust is unnecessary because the second successor Trustee, John Frank, is an attorney. Fricke and Emily Clarke have moved four times to have John Frank removed as the administrator of the McCauley Estate. Fricke and Emily Clark have moved to have a third successor Trustee appointed. Fricke and Emily Clark have filed a declaratory judgment against John Frank claiming a breach of his fiduciary duties. The Probate Court's conclusion that the beneficiaries have a conflict with John Frank that is impeding the resolution of this trust is demonstrated in the record. We find there was no abuse of discretion for the Probate Court to determine it was in the best interests of the Irrevocable Trust to appoint neutral third party legal counsel to represent the trust's interests so that the issues in the inter vivos Irrevocable Trust can be eventually resolved.

### Supersedeas Bond

{¶46} On October 23, 2013, the Probate Court scheduled a hearing for November 13, 2013 to set a bond on the appeals of judgments rendered in Probate Court Case Nos. 209512, 208532, 209055, and 205029. The hearing was held on November 13, 2013 and by judgment entry on November 25, 2013, the Probate Court ordered Fricke and Emily Clark to post a $10,000.00 supersedeas bond. The court stated the bond was to cover, in part, the additional costs and expenses during the pendency of the appeal. That same judgment entry appointed independent counsel to represent the interests of the Irrevocable Trust.

{¶47} The record is silent and the parties have not made clear in their appellate briefs the genesis of the Probate Court's October 23, 2013 order to schedule a hearing

on a supersedeas bond. The hearing on the supersedeas bond was held on November 13, 2013. Fricke and Emily Clark have not provided this court with a transcript of the November 13, 2013 hearing. Fricke and Emily Clark argue the Probate Court had no authority to sua sponte set a supersedeas bond because they did not request a stay of execution of the September 9, 2013 judgment in their appeal of the same.

{¶48} Pursuant to R.C. 2505.09, "* * * an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *." R.C. 2505.14 states:

> A supersedeas bond shall be payable to the appellee or otherwise, as may be directed by the court, when the conflicting interests of the parties require it, and shall be subject to the condition that the appellant shall abide and perform the order, judgment, or decree of the appellate court and pay all money, costs, and damages which may be required of or awarded against him upon the final determination of the appeal and subject to any other conditions that the court provides. When the final order, judgment, or decree appealed is for the payment of money, the bond may provide that, if the final order, judgment, or decree is not paid upon final affirmance, it may be entered against the sureties on the bond.

{¶49} R.C. 2101.24(C) confers broad authority to the probate court to address collateral matters, including "plenary power at law and in equity to dispose fully of any matter that is properly before the court." *Franklin v. Franklin*, 8th Dist. Cuyahoga No. 94126, 2010-Ohio-4251, ¶ 14 citing R.C. 2101.24(C); *Reinhart v. Bank One Columbus*,

125 Ohio App.3d 719, 728, 709 N.E.2d 559 (10th Dist.1998), citing *Wolfrum v. Wolfrum*, 2 Ohio St.2d 237, 208 N.E.2d 537 (1965), paragraph one of the syllabus. This plenary power authorizes the probate court to exercise complete jurisdiction over the subject matter to the fullest extent necessary. *In re Ewanicky,* 8th Dist. Cuyahoga No. 81742, 2003-Ohio-3351, ¶ 8, citing *Johnson v. Allen*, 101 Ohio App.3d 181, 185, 655 N.E.2d 240 (8th Dist.1995).

{¶50} Based on the procedural history of this case, we find the Probate Court did not abuse its discretion in sua sponte ordering Fricke and Emily Clark to post a supersedeas bond. The supersedeas bond will protect the interests of the Irrevocable Trust during the pendency of the multiple appeals. Protecting the interests of the Irrevocable Trust is within the equitable and plenary powers of the Probate Court. Further, without a transcript of the November 13, 2013 hearing, we must presume regularity in the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶51} The sole Assignment of Error of Appellants Jennifer Fricke and Emily Clark is overruled.

## CONCLUSION

{¶52} The judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.