[Cite as *Delp v. Delp*, 2017-Ohio-7774.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Morgan E. Delp, et al.                                    Court of Appeals No. L-16-1242

        Appellees                                    Trial Court No. 2014 ADV 1020

v.

Bradley J. Delp                                    **DECISION AND JUDGMENT**

        Appellant                                    Decided:  September 22, 2017

* * * * *

Thomas P. Dillon and Nicholas T. Stack, for appellees.

Kevin A. Heban and John P. Lewandowski, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Bradley J. Delp, appeals the September 29, 2016 judgment of the Lucas County Court of Common Pleas, Probate Division, which granted the motion of plaintiff-appellees and trust beneficiaries, Morgan E. Delp and Sydney J. Delp, to remove appellant as the trustee of the Delp Heritage Trust.  For the reasons set forth herein, we affirm.

**{¶ 2}** The relevant factual history of this case is as follows. The Delp Heritage Trust was formed on December 1, 1997, by grantor John J. Delp who died in 1998. The trust was formed for the benefit of Delp's wife Evelyn, who died in 2006, his two daughters and their children, and the children of his two sons, Cleves and Bradley Delp. It is undisputed that following Evelyn's death, the main purpose of the trust was to provide for Delp's daughter, Roberta Bonner, who had various medical issues and was unable to support herself.

**{¶ 3}** Cleves and Bradley were the named trustees; both served as such until Cleves' withdrawal in July 2012. The trust specifically provided that neither Cleves nor Bradley were entitled to any distributions from the trust proceeds unless they remained as sole living descendants. As trustees, the brothers had discretion to pay to a beneficiary, "having in mind both the standard of living to which such beneficiary has been accustomed and the funds available to or for him or her from all other sources of which Trustee shall have actual knowledge," any such "amounts as Trustee, in Trustee's sole discretion, shall deem advisable or necessary for any such purpose or purposes." Further, the brothers were not permitted to make any decision to use trust income for any person they were legally obligated to support. The trust required the trustees to provide an annual accounting of the disbursements and distributions of the trust to "each adult, competent beneficiary, and to the legal or natural guardian of any beneficiary under a disability." The duties and obligations of administering the trust were unchanged following Cleves Delp's withdrawal as trustee.

2.

{¶ 4} Following multiple withdrawals from one of the trust accounts to the personal account of appellant, on April 4, 2014, appellees and three minor trust beneficiaries, through parent Cleves Delp, requested an accounting of the trust assets pursuant to the terms of the trust.

{¶ 5} This action commenced on May 20, 2014, with appellees filing of a complaint against appellant alleging a breach of his trustee duties under the terms of the trust. Specifically, the complaint alleged that the beneficiaries had not received an accounting as required by the terms of the trust and R.C. 5808.13(C). The complaint requested that the court order appellant to provide an accounting within 30 days.

{¶ 6} While the action was pending, on May 21, 2015, appellee Morgan Delp sent a letter to appellant requesting that the trust reimburse her $18,477 for college tuition. The letter indicated that the trust has previously provided appellee with $23,778 for college tuition. In response, appellant requested detailed tuition payment information and financial information including income, financial support, living arrangements, and all information relative to whether appellee was claimed as a dependent on her parents' tax returns and supporting documentation. Appellee did respond providing her 2015 W-2 form, personal checks paid to Hillsdale College totaling approximately $13,000, and a statement that she transferred amounts to Hillsdale College totaling approximately $5,000. Appellee further stated that she shares a condominium with two others and pays $500 per month in rent plus utilities. Appellant again requested information regarding

3.

the source of her tuition and tax returns of herself and her parents to substantiate any answers regarding her dependent status.

{¶ 7} Also during this time, appellant's sister and trust beneficiary, Kathleen Higgins, had questions regarding a life insurance policy acquired by the trust which allegedly resulted in her and her husband's inability to get a lower insurance premium on a personal life insurance policy.

{¶ 8} Additionally, the parties disputed the circumstances surrounding withdrawals and deposits totaling $205,000 from a trust account to appellant's personal account. Appellant claimed it was inadvertence on his wife's part; appellees contended that appellant feigned accidental transfers only after he was caught.

{¶ 9} Appellees amended their complaint on January 27, 2016, adding a claim for breach of the trust agreement and requesting the removal of appellant as trustee. The complaint alleged several instances of misconduct (some set forth above) by appellant as trustee and chronicled the extensive ligation brought by and involving various family members and trusts. The complaint further alleged that appellant was hostile toward certain trust beneficiaries. In addition, the amended complaint quoted extensively from a United State District Court case where appellant's declaratory judgment action was dismissed with prejudice upon a finding by the trial judge that appellant wrongfully took certain documents from the opposing party and attempted to conceal his actions. *See Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, N.D.Ohio No. 3:14 CV 591, 2015 U.S. Dist. LEXIS 173432 (Dec. 31, 2015). It was further noted that

4.

appellant, pursuant to a consent agreement, was suspended from the Financial Industry Regulatory Authority ("FINRA") for 75 days and fined in connection with an unrelated company.

{¶ 10} On May 10, 2016, appellees filed a motion to remove trustee incorporating many of the claims set forth in the amended complaint. A hearing on the motion was held on August 22, 2016, and testimony was received from appellant's sisters, Kathleen Higgins and Roberta Bonner, and appellant. Several exhibits were admitted into evidence.

{¶ 11} On September 29, 2016, the trial court granted appellees' motion to remove appellant as trustee. The court found the appellant's dealings with trust beneficiaries was hostile and indicative of an "incurable" communication breakdown between the parties. The court was also "troubled" by the fact that appellant had twice been sanctioned by the FINRA and that, in an unrelated matter imposing sanctions, appellant's conduct regarding family members was scrutinized. The court further noted the GE funds transfer. The court then concluded that removal of appellant as trustee served the best interests of the trust beneficiaries. This appeal followed.

{¶ 12} Appellant now raises the following assignment of error:

Assignment of Error No. 1:

The trial court erred by granting appellees' motion to remove appellant Bradley J. Delp as trustee of the Delp Heritage Trust.

5.

**Final, Appealable Order**

{¶ 13} Before turning to the merits of the appeal, we must first examine whether the court's judgment is a final, appealable order and properly before this court. Appellees contend that the judgment would not deprive appellant of a meaningful remedy should he have to wait for the conclusion of the case, R.C. 2505.02. Further, appellees note that the trial court failed to certify under Civ.R. 54(B) that there was no just reason for delay. Conversely, appellant asserts that a probate proceeding is a "special proceeding" as defined in the statute.

{¶ 14} R.C. 2505.02 provides:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 15} We agree with appellant that several courts have held that similar probate court judgments were special proceedings and, thus, were final and appealable. This court has consistently held, however, that because probate estate proceedings existed at common law, they may not be considered special proceedings under the statute. *In re Estate of Gannett*, 6th Dist. Huron No. H-01-047, 2001 Ohio App. LEXIS 5310 (Nov. 27, 2001), relying on *In re Estate of Packo*, 6th Dist. Lucas No. L-99-1350, 2000 Ohio App. LEXIS 544 (Feb. 15, 2000).

{¶ 16} However, in *In re Estate of Sneed*, 166 Ohio App.3d 595, 2006-Ohio-1868, 852 N.E.2d 234 (6th Dist.), we overruled *Gannett*, in part, by concluding that although the action in which an estate administrator was removed and new administrator appointed was not a "special proceeding" under R.C. 2505.02(B)(2), it was an order granting or denying a provisional remedy, R.C. 2505.02(B)(4), because after the closing of the estate, any mistakes or mishandling of the estate assets could not be remedied. *Id.* at ¶ 18. We reasoned that the correct focus was not in whether any mishandling of estate assets could be remedied by an appeal after an estate closed; rather, it was the loss of a person's

7.

opportunity to be the executor of an estate. *Id.* at ¶ 17-18. We concluded that such loss cannot be remedied. *Id.* at ¶ 18.

{¶ 17} Finding the *Sneed* holding instructive, the Fifth Appellate District concluded that a probate court's sua sponte appointment of independent counsel to oversee an irrevocable trust was a final, appealable order. *In re Cletus P. McCauley & Mary A. McCauley Irrevocable Trust*, 5th Dist. Stark No. 2013CA00237, 2014-Ohio-3489. Further, in *Giffin v. Mull*, 7th Dist. Belmont No. 15 BE 11, 2015-Ohio-5440, the court, following the cases finding that a decision to remove an executor is a final, appealable order, noted that "[a] trustee is a fiduciary just as an executor is a fiduciary. Both actions to remove occurred in probate court proceedings." *Id.* at ¶ 82.

{¶ 18} In *Giffin*, the court further noted that it is well established that "'[a] provisional remedy is a remedy other than a claim or relief. Therefore, an order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B).'" *Id.* at ¶ 87, quoting *State ex rel. Butler Cty. Children Servs. Bd. v. Sage*, 95 Ohio St.3d 23, 25, 764 N.E.2d 1027 (2002).

{¶ 19} We do acknowledge that this case has the factual distinction of including both a motion for removal of the trustee and a claim for relief requesting removal. However, we find that because the court specifically ruled on the motion following briefing and a hearing was held on the motion that the order appealed from was a provisional remedy which was not subject to the requirements of Civ.R. 54(B).

8.

## Standard of Review

{¶ 20} We next address the appropriate standard of review for this court to use on appeal. Appellant argues for a "mixed" standard of review: a general abuse of discretion review but a de novo review as to the question of whether the facts meet the appropriate legal standard. Conversely, appellees assert that the proper standard of review is purely whether the court abused its discretion; appellees contends that even using a hybrid approach, the trial court did not err when it granted their motion to remove appellant as a trustee.

{¶ 21} In general, it is well-settled that a probate court's decision regarding the removal of a trustee is reviewed for an abuse of discretion. *Ulinski v. Byers*, 9th Dist. Summit No. 27267, 2015-Ohio-282, ¶ 14. We agree that questions of law, if any, are subject to de novo review. Specifically, the construction of a trust document, as a written contract, is reviewed de novo. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 14. We further note that the trial court, as the trier of fact, had the advantage of observing witnesses at the removal hearing and assessing their credibility. Thus, we will defer to any findings relative thereto. *See Gorby v. Aberth*, 9th Dist. Summit No. 28021, 2017-Ohio-274, ¶ 19.

## The Court's Removal of Appellant as Trustee

{¶ 22} Removal of a trustee is governed by R.C. 5807.06, which provides:

(A) The settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or the court may remove a trustee on its own initiative.

(B) The court may remove a trustee for any of the following reasons:

(1) The trustee has committed a serious breach of trust;

(2) Lack of cooperation among cotrustees substantially impairs the administration of the trust;

(3) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries.

{¶ 23} The removal of a trustee is a drastic remedy and the party seeking removal must establish a basis for removal by clear and convincing evidence. *Gorby* at ¶ 31. Further, in cases where a trustee has absolute discretion "the broader the range of permissible conduct by the trustee in exercising it." R.C. 5808.14(A).

{¶ 24} In the present case, appellant argues that the trial court erred in granting appellees' motion for removal because appellant neither committed a "serious breach of trust" nor failed to effectively administer the trust and that appellant was fit to administer the trust. Appellant further argued that during the hearing, only one person, Kathy Higgins, testified that she wanted appellant to be removed as trustee.

{¶ 25} Supporting his arguments, appellant relies on a Seventh Appellate District case which denied the motion to remove finding that co-trustees did not commit a "serious" breach of trust by making an inheritance advancement. *Kidd v. Alfano*, 2016-Ohio-7519, 64 N.E.3d 1052 (2d Dist.). The court further noted that the other claimed breaches, including payment of attorney fees and various alleged conflicts of interest,

10.

were not supported by the record and did not rise to the level of a breach of the trustee's fiduciary duty. *Id.* at ¶ 43.

{¶ 26} Appellant argues that like *Kidd*, the only alleged "serious" breach in this case was his wife's accidental transfer of funds from the GE trust account to his personal GE account. Appellant asserts that unlike *Kidd*, however, he independently caught and remedied the mistake. As is apparent from the trial court's decision, it did not find appellant's explanation of the events to be credible; rather, it referenced the bank's correspondence which placed the blame for the error upon appellant. In conjunction, the court stressed the fact that appellant had been sanctioned twice by the FINRA. Finally, the court found troubling appellant's interactions with trust beneficiaries; the court concluded that appellant's actions resulted in an "incurable" communication breakdown between the parties. *See Tomazic v. Rapoport*, 2012-Ohio-4402, 977 N.E. 2d 1068 (8th Dist.) (removal was proper despite trustee's broad discretion).

{¶ 27} Upon review of the record and, particularly, the transcript of the August 22, 2016 hearing, we cannot say the trial court abused its discretion when it granted appellees' motion to remove appellant as trustee. The court was in the best position to assess the credibility of the witnesses at the hearing and its findings support removal under R.C. 5807.06(B). Appellant's assignment of error is not well-taken.

11.

**{¶ 28}** On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE