[Cite as *In re Robert J. Fox Revocable Trust*, 2026-Ohio-1833.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| IN THE MATTER OF: | Case No. 2026 CA 0008 |
| THE ROBERT H. FOX REVOCABLE TRUST | <u>Opinion & Judgment Entry</u> |
| (Darin L. Avery, Appellant) | Appeal from the Court of Common Pleas of Richland County, Probate Division, Case No. 2020 3010 |
| | Judgment: Appeal Dismissed |
| | Date of Judgment: May 19, 2026 |

BEFORE: Craig R. Baldwin, Robert G. Montgomery, and David M. Gormley, Judges

APPEARANCES: Brian J. Halligan,* Mansfield, Ohio for Appellant Darin L. Avery; Jessica S. Forrest & Brianna M. Prislipsky (Reminger Co., LPA), Cleveland, Ohio, and Shana B. Demooy (Reminger Co., LPA), Columbus, Ohio, for Appellees Rodney Allen Fox, Vicki Papazian, Richard Fox, Tangela Taylor, and Mikayla Taylor.

* Attorney Halligan died shortly after the briefing concluded in this case

*Gormley, J.*

{¶1}    In this appeal from the probate court in Richland County, Appellant Darin Avery — the court-appointed trustee of the Robert H. Fox Revocable Trust — argues that the trial judge erred by issuing an order that, in Avery's view, hamstrings his ability to carry out his duties as trustee while a separate appeal of his in a related case is pending before us. Because the trial-court order that Avery asks us to overturn is not a final and appealable order, we dismiss this appeal.

**The Key Facts**

{¶2}    Robert H. Fox, who is now deceased, created the Robert H. Fox Revocable Trust during his lifetime. After Fox died, and after both of his sons had died also, uncertainty about the proper beneficiaries of the trust led to litigation in the probate

court. In November 2025, the probate judge issued a declaratory judgment identifying the beneficiaries of the trust and ordering Avery, as trustee, to file accountings and, upon the court's approval of them, to distribute the trust's assets. Avery, in our case number 2025 CA 106, has challenged that order, and that appeal is still pending before us.

{¶3} Several weeks after the trial court issued the November 2025 order, Avery asked that court to stay the order's enforcement, and, in addition, he asked the trial court to stay all legal proceedings involving the trust while Avery's challenge to the November order remains unresolved here. In January of this year, the probate court granted Avery's stay request concerning the November 2025 order. As for other ongoing legal proceedings involving the trust in general, the court issued a partial stay, explaining that the payment of any trust funds to Avery or others is stayed, but persons whom the trial court had found to be proper trust beneficiaries of the trust could still file exceptions to any annual accountings that Avery, as trustee, had recently filed.

{¶4} Avery now challenges the January 2026 stay order.

## The Order That Avery Asks Us to Review is Not Final and Appealable

{¶5} Our appellate authority to review trial-court orders under R.C. 2505.03(A) extends solely to the review of "final" orders and judgments. "If an order is not final and appealable, the appellate court is without jurisdiction to review the matter and must dismiss the appeal." *In re Cletus P. McCauley & Mary A. McCauley Irrevocable Trust*, 2014-Ohio-3489, ¶ 31 (5th Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶6} An order is final and appealable only if it fits in one of the categories delineated in R.C. 2505.02(B). *Moore v. Gross*, 2010-Ohio-3328, ¶ 9 (10th Dist.). And an order granting or denying a stay of proceedings is not listed there. *See Community*

*First Bank & Trust v. Dafoe*, 2006-Ohio-1503, ¶ 11 (holding that "[a] court's order staying an action . . . is not a final order subject to appeal under R.C. 2505.02"); *Peterman v. Stewart*, 2003-Ohio-696, ¶ 16-17 (5th Dist.) (dismissing an appeal from an order that stayed probate proceedings pending the disposition of related cases because the stay did not "in effect, determine the action and prevent a judgment") (quotations omitted); *Flamos v. Farmers Ins.*, 1994 Ohio App. LEXIS 934, *3 (5th Dist. Feb. 22, 1994) (dismissing an appeal from an order that denied a stay pending arbitration because the order did "not determine the action and prevent a judgment"). As the Supreme Court of Ohio has explained, "[a] stay is not an offshoot of the main action; it is the main action postponed." *Dafoe* at ¶ 26.

{¶7} Avery urges us to view the probate court's January 2026 stay order differently. Though that order is styled as a partial grant of his own motion for a stay, the order, according to Avery, has essentially halted his ability to function as trustee and therefore qualifies as the kind of order that is appealable because it — in the words of R.C. 2505.02(B)(2) — "affects a substantial right." But the January 2026 stay order did not determine any substantive right of Avery's. Instead, it did just what Avery had asked the probate court to do: stay legal proceedings in the trust case until Avery's challenge to the declaratory judgment issued by that court is resolved here. To be sure, the stay order also bars the expenditure of any trust funds until the declaratory-judgment appeal is resolved, but that kind of order merely postpones action and does not determine rights.

{¶8} Nor does Avery face the denial of — in the words of R.C. 2505.02(B)(4)(b) — a "meaningful or effective remedy" if we dismiss this appeal now. If Avery believes that a particular expenditure of trust funds is necessary while his appeal of the trial court's November 2025 declaratory-judgment order remains pending at this court, he remains

free to seek the trial court's approval for that particular expenditure; a procedure that the probate judge has since expressly made available to him in a February 6, 2026 entry.

**{¶9}** Because the probate court's January 5, 2026 stay order is not a final and appealable order, we dismiss this appeal. Costs are to be paid by appellant Darin Avery.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.