## In re ESTATE OF RILEY.

[Cite as *In re Estate of Riley,* 165 Ohio App.3d 471, 2006-Ohio-956.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 05CA3013.

Decided Feb. 9, 2006.

472

Walter C. Lytten, for appellant.

Mowery & Blume and T. Kevin Blume, for appellee.

Per Curiam.

{¶ 1} This is an appeal from a judgment of the Scioto County Common Pleas Court, Probate Division. The court granted a motion to strike the election made by Virginia Riley, surviving spouse and appellant herein, to take against the will of her late husband, Walter Riley.

{¶ 2} Appellant assigns the following errors for review and determination: [1]

### First Assignment of Error

The court erred in granting the executrix's motion to strike the election to take against the will, even though it is undisputed that the court did not comply with the law, due process and Civil Rule 4.1.

### Second Assignment of Error

The court erred in granting the executrix's motion to strike the election of the surviving spouse to take against the will, because she had not been served with the citation to elect in an appropriate manner.

{¶ 3} Walter Riley died testate on January 22, 2004, survived by his wife (appellant) and two adult daughters from a previous marriage, Joann Grooms and Brenda Kay Terry. On March 11, 2004, the court appointed Brenda Kay Terry

---

1. Appellant's brief does not include, as required by App.R. 16(A)(3), a separate statement of the assignments of error. We take these assignments of error from portions of her argument.

executrix of her father's estate. That same day, the probate court, via certified mail, forwarded to appellant a "Citation to Surviving Spouse to Exercise Elective Rights." Enclosed with the citation was a "Summary of General Rights of Surviving Spouse" and an explanation of the R.C. 2106.01 right to take against a will. The certified mail return receipt (green card) was returned to the probate court several days later, with a stamp showing that it had been delivered on March 15, 2004. The receipt itself, however, was unsigned.

{¶ 4} Appellant entered an appearance on December 9, 2004, and filed a motion to exercise elective rights immediately. Appellant then filed an election to take against the will.[2] On January 14, 2005, the executrix filed a motion to strike the election and argued that appellant had failed to exercise her rights within the statutory five-month time period after appointment of an executor. Appellant responded that a failure of certified mail service occurred with respect to the original citation and, thus, the statutory time limit did not begin to run.

{¶ 5} The matter came on for hearing on May 4, 2005. It was uncontroverted that (1) the certified mail addressed to appellant was, in fact, delivered to her home and (2) the green card receipt was returned to the court unsigned. Wheelersburg Post Office Postmaster Justin Jackson located an "archived record" (Hearing Exhibit C) that he testified is a "microfilmed copy of the back portion of the delivery receipt." That record contained the signature of a "Gary Walters." Jackson conceded that although the proper procedures were not followed and Walters did not sign the green card return receipt, the archived record established valid service of a certified mail item.

{¶ 6} Gary Walters, appellant's son, testified that on occasion he helps his mother with jobs around the house, including retrieving mail. Walters admitted that his signature appears on the archived record (Exhibit C). He testified, however, that he is a "certified alcoholic" and does not remember signing the receipt.

{¶ 7} Appellant testified that she did not receive any certified mail forwarded by the probate court. Appellant also stated that she did not authorize her son to retrieve her mail.

{¶ 8} The trial court concluded that the certified mail service to appellant complied with due-process standards. Specifically, the court found that Gary Walters (1) accepted and signed for the delivery of the certified mail for his mother and (2) had the authority to do so. This event started the five-month

---

2. Walter Riley's last will and testament specified that appellant would receive a life estate in his real property (located at 241 Carty Street, Wheelersburg, Ohio). The decedent left the remainder interest in that realty and the rest of his real and personal property to his daughters.

statutory period to elect to take against the will, and in light of the fact that appellant did not file an election within that time frame, appellant's election was out of rule. This appeal followed.[3]

## I

{¶ 9} Before we review the merits of the assignments of error, we first consider a threshold jurisdictional issue. Ohio courts of appeals have appellate jurisdiction over final orders. Section 3(B)(2), Article IV, Ohio Constitution. A final order is one that, inter alia, affects a substantial right and is entered in a special proceeding. R.C. 2505.02(B)(2).[4] If a judgment does not meet the R.C. 2505.02 requirements, an appellate court does not possess jurisdiction to review the judgment, and the appeal must be dismissed. See, e.g., *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, at fn. 2; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.

{¶ 10} A surviving spouse's right to take against the will is a "substantial right."[5] The question before us is whether the trial court's June 14, 2005 decision and judgment *affected* that right. An order *affects* a substantial right if it is one that if not immediately appealable, would foreclose appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181. To show that an order *affects* a substantial right, it must be clear that in the absence of immediate review, an appellant will be denied effective future relief. *Konold v. R.W. Sturge, Ltd.* (1996), 108 Ohio App.3d 309, 311, 670 N.E.2d 574; *Rhynehardt v. Sears Logistics Servs.* (1995), 103 Ohio App.3d 327, 330, 659 N.E.2d 375; *Kelm v. Kelm* (1994), 93 Ohio App.3d 686, 691, 639 N.E.2d 842. It is not sufficient that the order appealed merely restricts or limits that right.

---

3. Loc.App.R. 1 requires a notice of appeal to contain, inter alia, a certification that the judgment appealed is a final order for purposes of R.C. 2505.02. Appellant failed to include that certification in her notice of appeal.

4. This court has analyzed probate cases under the "special proceeding" prong of R.C. 2505.02(B)(2). See *In re Estate of Clapsaddle* (1992), 79 Ohio App.3d 747, 753–754, 607 N.E.2d 1148; *In re Estate of Knauff* (May 27, 1997), Adams App. No. 96CA623, 1997 WL 305232. We continue to do so here, though we acknowledge that other courts have found that estate proceedings existed at common law and, thus, are not "special proceedings" as defined by statute. See, generally, *In re Estate of Pulford* (1997), 122 Ohio App.3d 88, 701 N.E.2d 55; *In re Estate of Endslow* (Apr. 12, 2000), Delaware App. No. 99CA–F–07–37, 2000 WL 502818, *In re Estate of Packo* (Feb. 15, 2000), Lucas App. No. L–99–1350, 2000 WL 191784.

5. "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect. R.C. 2505.02(A)(1). The provisions of R.C. 2106.01(A) grant a surviving spouse the right to choose whether to take under the will or to take under the descent and distribution statute. See R.C. 2105.06.

Rather, virtually no opportunity must exist in the future to provide relief from the allegedly prejudicial order. *State v. Chalender* (1994), 99 Ohio App.3d 4, 6–7, 649 N.E.2d 1254.

{¶ 11} Although various proceedings are yet to be conducted in the administration of this estate, and appellant could, in theory, appeal the probate court's judgment once those proceedings have concluded, we conclude that appellant could be denied effective future relief if the probate court's judgment could not be reviewed at this time. Under R.C. 2105.06(D), appellant would be entitled to one-third of her deceased husband's estate. As a portion of the estate, she may desire to receive decedent's personal property in kind. See R.C. 2113.55. She could, however, be thwarted in her efforts to do so if that property is sold prior to the conclusion of the estate's administration. Accordingly, we find that the June 14, 2005 judgment does *affect* appellant's substantial right and this court possesses jurisdiction to review the judgment.

## II

{¶ 12} We jointly consider appellant's two assignments of error, because they both assert that the probate court failed to achieve service of process to notify appellant of her right to take against her late husband's will. Appellant asserts that because of the lack of service, the five-month statutory deadline to exercise her right did not begin to run and the probate court erred by finding that her election was made out of rule.

{¶ 13} R.C. 2106.01(A) specifies that after the initial appointment of an executor, "the probate court shall issue a citation to the surviving spouse * * * to elect whether to exercise the surviving spouse's rights under Chapter 2106. of the Revised Code, including, after the probate of a will, the right to elect to take under the will or under [R.C.] section 2105.06." The citation to make this election "shall be served on the surviving spouse pursuant to Civil Rule 73." R.C. 2106.02(A).

{¶ 14} There is no doubt that certified mail is the preferred method of service in Ohio. See McCormac, Ohio Civil Rules Practice (2nd Ed.1992) 40, Section 3.05, but some confusion exists as to which rule governs service in this case. The plain language of R.C. 2106.02(A) specifies that Civ.R. 73 governs, and that rule provides for certified mail service as follows:

> By certified or express mail, addressed to the person to be served at the person's usual place of residence with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered, provided that the

certified or express mail envelope is not returned with an endorsement showing failure of delivery.

Id. at (E)(3).

{¶ 15} The parties argue in their briefs, however, that Civ.R. 4.1(A) applies. That rule governs certified mail service as follows:

Evidenced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact of notification on the appearance docket. The clerk shall file the return receipt or returned envelope in the records of the action.

All postage shall be charged to costs. If the parties to be served by certified or express mail are numerous and the clerk determines there is insufficient security for costs, the clerk may require the party requesting service to advance an amount estimated by the clerk to be sufficient to pay the postage.

{¶ 16} We need not determine, however, which rule applies in the case sub judice, because we conclude that service was complete under either rule.

{¶ 17} Appellant asserts that the probate court "totally ignored" these provisions, because the green certified mail receipt card does not reflect to whom the certified mail was delivered, the date of delivery, and the address to which it was delivered. Appellant further argues that the probate court did not make the appropriate entries on the appearance docket and, in fact, "does not keep an appearance docket."

{¶ 18} We agree with appellant that the better practice is, of course, to properly complete and file the return mail receipt. We do not, however, find that under the particular facts and circumstances of this case the failure to have done so constitutes a fatal defect.

{¶ 19} Due process determines the parameters of proper service, and if service is reasonably calculated to reach the interested parties and to apprise them of the action in which they may have a potential interest, then the service is sufficient. *Mitchell v. Mitchell* (1980), 64 Ohio St.2d 49, 18 O.O.3d 254, 413 N.E.2d 1182, paragraph two of the syllabus; *Akron–Canton Reg. Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 405–406, 16 O.O.3d 436, 406 N.E.2d 811; see, also, *Apostolouski v. Sharp,* Franklin App. No. 04AP–1105, 2005-Ohio-2559, 2005 WL 1220739, at ¶ 28. Furthermore, the Civil Rules and Civ.R. 4.1 do not generally require actual service on the party to receive the notice. Rather, service is effective upon certified delivery. *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 110, 71 O.O.2d 77, 326 N.E.2d 686. In other words, someone other than the person on whom service is to be made may sign the receipt. See *Mitchell,* supra, at paragraph one of the syllabus; see, also, *Stonehenge Condominium Assn. v. Davis,* Franklin App. No. 04AP–1103, 2005-Ohio-4637, 2005 WL 2133680, at ¶ 14. A signed return receipt constitutes evidence of delivery pursuant to Civ.R. 4.1(A), but the rule does not bar introduction of other evidence to establish certified mail delivery. See *Stonehenge Condominium Assn.,* supra, at ¶ 14. Although these cases concern Civ.R. 4.1(A) certified mail service, no reasons exist why the principles expressed in those cases should not apply to Civ.R. 73(E)(3) certified mail service.

{¶ 20} The evidence adduced at the hearing failed to fully establish that appellant actually received the probate court citation that explained her rights as surviving spouse. No question exists, however, that the probate court's certified mail delivery was completed. The unsigned certified mail receipt in the record reveals that service was to whether be made at "P.O. Box 27 Cook Street."[6] Although the evidence is a little unclear as to whether this was the correct address, Gary Walters testified that he visited his mother at "twenty-seven Cook Street" when she "needed her grass cut or stuff like that."[7]

{¶ 21} Walters testified that although he could not remember signing the archived receipt that the post office produced, the signature on that receipt is, in fact, his own. The archived receipt (Hearing Exhibit C) also bears the same tracking number (7160–3901–9848–2964–7275) as the green certified mail receipt included in the trial court's records, thus indicating that the receipt signed by Walters was for the delivery of the citation.

---

6. We do not know why the words "P.O. Box" appear on the address line. Nothing in the record indicates that the papers were sent to any address other than 27 Cook Street.

7. Appellant testified that she could not remember her current address, but that she no longer lived on Cook Street. It is unclear when appellant moved to her current location.

{¶ 22} Finally, Walters stated that he visited his mother's home to help with various odd jobs and that this sometimes included retrieving her mail. Thus, this evidence establishes that even if the certified mail receipt card was not properly completed and signed by Walters, certified delivery of the probate court citation to appellant's residence was indeed accomplished. Service was received and signed for by appellant's son, and he had the authority to do so.[8] This act satisfies both due process and the requirements of Civ.R. 4.1 and Civ.R. 73.

{¶ 23} We further note that nothing in the record shows that the probate court ignored the Ohio Rules of Civil Procedure. We find nothing to show that the clerk did not properly address the envelope, affix adequate postage, or give proper instructions to the post office as to how the citation should be delivered. The envelope was not returned with an endorsement showing failure of delivery, and the return receipt is properly included in the files of this action. To the extent that the post office failed to follow its internal procedures in delivering certified mail, that is the misfeasance of the post office, not of the probate court.

{¶ 24} Admittedly, probate court Deputy Clerk Dorothy Taylor testified that the court did not maintain an appearance docket at the time. We note, however, that no requirement to do so exists under Civ.R. 73(E)(3). There is such a requirement under Civ.R. 4.1(A), but the failure to comply with that requirement does not negate the fact that certified mail was, in fact, delivered to appellant's home and was, in fact, received by her son. In other words, we discern no prejudice arising from the probate court's alleged failure.[9]

{¶ 25} The election of a surviving spouse to take under a will or under R.C. 2105.06 must be made no later than five months from the date of the initial

---

8. Appellant cites *In re Estate of Jones* (1981), 1 Ohio App.3d 70, 1 OBR 350, 439 N.E.2d 458, wherein the First District Court of Appeals held that the Hamilton County Probate Court erred in overruling a motion to set aside a waiver to take against the will. Appellant argues in her brief that the facts in that case are identical to the facts in the case sub judice and that we should, likewise, hold that appellant has not waived her rights. While the facts in *Jones* are similar to those here, we agree with the probate court's decision that one very salient difference exists between the cases, and that is that Gary Walters had the authority to retrieve his mother's mail, whereas the son in *Jones* did not. We acknowledge that the evidence was controverted on this point, and that appellant testified to the effect that she did not ask her son to retrieve her mail, but Gary Walters stated that this was something that he occasionally did on her behalf. The probate court found this to be credible and concluded that he had the requisite authority to retrieve his mother's mail.

9. In her brief, appellant cites several cases concerning Civ.R. 58(B) for the proposition that the deadline for filing a notice of appeal does not begin to run until the clerk makes an appropriate notation in an "appearance docket." The implication of her argument is that if service is not complete for purposes of Civ.R. 58 until noted on the appearance docket, then it should not be deemed complete here either. The flaw in this argument is that Civ.R. 58 expressly states that service is not complete until there is "notation of the service in the appearance docket." We find no such provision in Civ.R. 4.1 or Civ.R. 73(A).

appointment of the estate's executor. See R.C. 2106.01(E). If the surviving spouse takes no action before the five-month time period expires, it is conclusively presumed that the surviving spouse elects to take under the will. Id. On March 11, 2004, the probate court appointed Brenda Kay Terry executrix of her father's estate. Appellant did not file her election to take against the will until December 20, 2004. Thus, the filing occurred beyond the five-month statutory time limit, and appellant must be presumed to elect to take pursuant to the will.

{¶ 26} We are not without sympathy for appellant's situation. She has waived an important right because of her son's neglect to provide her with the court documents. As regrettable as the situation may be, we cannot ignore the law concerning what constitutes proper notice under Civ.R. 4.1 and Civ.R. 73(E)(3) or the time limits of 2106.01(E).

{¶ 27} For these reasons, we find no merit in the assignments of error. Accordingly, we hereby overrule appellants' assignments of error and affirm the trial court's judgment.

Judgment affirmed.

ABELE and KLINE, JJ., concur.

HARSHA, P.J., concurs in judgment only.