DECISION AND JUDGMENT ENTRY
{¶ 1} William Slavens ("Appellant") appeals the entry of the Jackson County Court of Common Pleas appointing John M. Slavens the sole executor of the estate of Maxine E. Slavens. The Appellant contends the appointment was improperly made, that it was effected without notice to him of John Slavens' application for authority to be appointed sole executor of the estate, and without holding a suitability and competency hearing. Because we find the probate court's appointment of John Slavens as executor of the estate of Maxine E. Slavens is not a final appealable order, we dismiss the Appellant's appeal.
 {¶ 2} This case involves the appointment of a fiduciary by the Jackson County Court of Common Pleas, Probate Division, in the Estate of Maxine E. Slavens. R.C. 2113.07 provides for the appointment of a named executor if he or she is suitable and competent.
 {¶ 3} Maxine E. Slavens passed away on May 11, 2006. Her husband predeceased her, and she left no surviving spouse. She was survived by two sons as her next of kin: William S. Slavens and John M. Slavens. She left a will that provided, inter alia, for the payment of just debts and funeral expenses. It divided her residuary assets equally between her two sons and nominated them co-executors of her estate.
 {¶ 4} On June 12, 2006, John Slavens presented the will of Maxine E. Slavens for probate in the Jackson County Court of Common Pleas, Probate Division. The will was admitted to probate on June 12, 2006. John Slavens also filed an Application for Authority to Administer the Estate, in which he asked to be appointed sole executor of the estate. No waivers of right to administer the estate were filed with the aforementioned application. On June 12, 2006, the court appointed John Slavens executor of the estate, finding that he was suitable and competent. The court did not issue any notice or citation to the Appellant prior to taking such action to inform the Appellant that an Application for Authority to Administer the Estate had been filed or that the court intended to approve the application with findings of suitability and competency without conducting a hearing on the same.
 {¶ 5} The Appellant presently appeals the Jackson County Court of Common Pleas' entry appointing John Slavens executor, asserting the following assignment of error:
 {¶ 6} 1. THE TRIAL COURT ERRED IN APPOINTING THE FIDUCIARY WITHOUT PROVIDING NOTICE TO THE APPELLANT OF ITS INTENTION TO DO SO AND WITHOUT CONDUCTING A HEARING ON THE SUITABILITY AND COMPETENCY OF THE APPLICANT.
 {¶ 7} The Appellant contends that the probate court erred when it appointed John Slavens executor of the estate of Maxine E. Slavens without providing the Appellant notice or conducting a suitability and competency hearing. The estate of Maxine E. Slavens (hereinafter "Appellee"), however, asserts in its brief that the probate court's decision to appoint John Slavens executor is not a final appealable order which may be reviewed by this court. Because the Appellee's claim raises jurisdictional questions, we will address it first.
 {¶ 8} Courts of appeals have appellate jurisdiction only over final orders. See Section 3(B)(2), Article IV, Ohio Constitution. A final order is one which, inter alia, affects a substantial right and is made in a special proceeding. R.C. 2505.02(B)(2). Proceedings related to the administration of estates have historically been treated as special proceedings. See In re Estate of DePugh, Miami App. No. 94CA43,1995 WL 136996, at *2, citing Polikoff v. Adam (1993), 67 Ohio St.3d 100,616 N.E.2d 213.
 {¶ 9} In Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60,616 N.E.2d 181, the Supreme Court of Ohio clarified the standard for determining when a substantial right is affected. It stated that "[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Id. at 63. Applying this rule to case sub judice, the Appellant has the ability, in the wake of the probate court's entry appointing John Slavens executor, to file a motion for removal of the same as executor in the probate court. The entry appointing John Slavens executor does not foreclose the Appellant's ability to appeal the probate court's decision on whether to grant or deny his motion for removal of John Slavens as executor. Thus, the probate court's order does not foreclose appropriate relief in the future, and, as such, does not affect a substantial right as demanded by R.C. 2505.02(B)(2).
 {¶ 10} A probate court's decision granting or denying a motion to remove an executor is a final appealable order. See In re Estate ofJarvis Jackson App. No. 06CA11 5 (1980), 67 Ohio App.2d 94,425 N.E.2d 939; In re Estate of Radcliff-Umstead (March 25, 1994), Portage App. No. 93-P-0040, 1994 WL 316386; In re Estate of Gease (Feb. 11, 1994), Marion App. No. 9-93-37, 1994 WL 43852; In re Estate of Depugh, supra. Therefore, a motion to remove the executor and a decision regarding the same by the probate court would have been a proper vehicle by which we could have evaluated the merits of the appeal in the case sub judice. As it stands, however, the probate court's order does not affect a substantial right, and thus, is not reviewable on appeal.
 {¶ 11} For these reasons, we find that the judgment appealed herein is neither final nor appealable and this court does not have jurisdiction to review the judgment. Accordingly, the appeal is hereby dismissed.
APPEAL DISMISSED.