ABELE, J.
{¶ 1} This is an appeal from a Hocking County Common Pleas Court, Probate Division, judgment that partially denied a motion to compel filed by Caroline Chevalier, defendant below and appellant herein. Appellant assigns the following error for review:
*91 "THE PROBATE COURT ERRED IN DENYING THE SOLE HEIR TO THE SUBJECT ESTATE THE RIGHT TO PURCHASE THE REAL PROPERTY AT THE FULL ESTIMATED VALUE SET FORTH IN THE SCHEDULE OF ASSETS."
{¶ 2} This appeal arises out of a decedent's estate administration. Karla S. Mayberry, plaintiff below and appellee herein, is the decedent's sister and administrator of the estate. The trial court declared appellant the decedent's surviving spouse. The decedent's family and appellant initially agreed to the disposition of the decedent's estate, but relations soured. Appellee subsequently filed a complaint under R.C. Chapter 2127 that requested the trial court to authorize a sale of the decedent's real estate.
{¶ 3} On April 11, 2017, the trial court granted appellee the authority to sell the real estate "free of the claims, interest, liens, and rights therein of all persons to this action." The court additionally authorized appellee to employ a real estate broker to assist in the sale of the property.
{¶ 4} On July 13, 2017, appellant filed a "Motion to Compel Notice of Sale Proceedings to Surviving Spouse." Appellant requested the court to compel appellee "to give [appellant] notice and an opportunity to participate in all decisions regarding the sale of the subject property before the sale, including execution of the listing agreement and the hiring of a listing agent." She further asserted that permitting her to purchase the real estate would be in the estate's best interest.
{¶ 5} On July 19, 2017, the trial court granted appellant's motion. The court ordered appellee to provide appellant "notice and give her an opportunity to participate in all decisions regarding the sale of the subject property before the sale, including, but not limited to, execution of the listing agreement and the hiring of a listing agent."
{¶ 6} The next day, appellee filed a memorandum in opposition to appellant's motion to compel. Appellee asserted that she had already obtained a real estate agent and listed the property and that requiring her to obtain appellant's consent and advice regarding every decision concerning the sale of the real estate would serve only to frustrate and delay the sale process. She thus asked the court to deny appellant's motion to the extent that appellant requested that she be allowed to participate in decisions regarding the sale of the property. Appellee further requested the court to disallow appellant the right to purchase the real estate for the value stated on the inventory.
{¶ 7} The trial court granted appellee's motion and found that appellant "is entitled to notice only" and that appellee "is not compelled or required to obtain consent or allow [appellant's] participation." The court additionally determined that appellee "is not compelled or required to sell the real property to [appellant] at the value stated on the Inventory." This appeal followed.
{¶ 8} On August 25, 2017, this court noted that the trial court's decision regarding appellant's motion to compel may not constitute a final, appealable order. We therefore directed appellant to file a memorandum to address our jurisdiction to hear the appeal. We subsequently determined that we have jurisdiction to hear the appeal and concluded that appellant "may have a substantial right to purchase and/or elect the property in question pursuant to the relevant statutory authority" and that the probate court "found that [appellant does] not have such a right." We found that disallowing the appeal would deprive appellant of any meaningful ability to enforce *92 her right. We explained that appellant's "right-if it exists-may be foreclosed by the sale of the home to a third party." We thus concluded that the court's decision regarding appellant's motion to compel constitutes a final, appealable order. However, after further reflection and review of the probate court file, we find it necessary to clarify our prior conclusion that the trial court's decision regarding appellant's motion to compel constitutes a final, appealable order.
I
{¶ 9} It is well-established that courts of appeals have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution. "As a result, '* * * an order [or judgment] must be final before it can be reviewed by an appellate court. If an order [or judgment] is not final, then an appellate court has no jurisdiction.' " Gehm v. Timberline Post & Frame , 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 14, quoting Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. , 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). "An order is a final, appealable order only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B)." Lycan v. Cleveland , 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21, citing Gehm at ¶ 15.
{¶ 10} R.C. 2505.02 provides, in part:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * * *
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
* * * *
{¶ 11} The term "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). This court has concluded that matters related to estate administration ordinarily constitute special proceedings. In re Estate of Smith , 4th Dist. Ross No. 06CA2915, 2007-Ohio-3030, 2007 WL 1732759, ¶ 8 ; accord In re Estate of Chonko , 9th Dist. Lorain No. 14CA010691, 2016-Ohio-980, 2016 WL 943683, ¶ 10 (stating that "probate cases involving the administration of estates constitute special proceedings"); In re Estate of Sickmiller , 3rd Dist. Paulding No. 11-13-01, 2013-Ohio-3788, 2013 WL 4768771, ¶ 6, quoting In re Estate of Perry , 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, 2008 WL 282067, ¶ 46 (" 'Generally, matters related to estate administration, such as the filing of exceptions to a fiduciary's inventory or account, are treated as special proceedings.' "); Wead v. Lutz , 161 Ohio App.3d 580, 2005-Ohio-2921, 831 N.E.2d 482 (12th Dist.), ¶ 13. We note, however, that Ohio "appellate districts are split on the issue of whether probate estate administration proceedings are 'special proceedings' under R.C. 2505.02(A)(2)." In re Estate of Robison , 10th Dist. Franklin No. 17AP-232, 2017-Ohio-8980, 2017 WL 6343569, ¶ 25, citing Fougere v. Estate of Fougere , 10th Dist. Franklin No. 11AP-791, 2012-Ohio-4830, 2012 WL 4955207, ¶ 20.
{¶ 12} R.C. 2505.02 (A)(1) provides that a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." "A 'substantial right' for purposes of R.C. 2505.02 is a legal right enforced and protected by law."
*93 State ex rel. White v. Cuyahoga Metro. Hous. Auth. , 79 Ohio St.3d 543, 545, 684 N.E.2d 72 (1997), citing State ex rel. Hughes v. Celeste , 67 Ohio St.3d 429, 430, 619 N.E.2d 412 (1993), and Noble v. Colwell , 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989).
{¶ 13} A surviving spouse possesses a statutory right, under R.C. 2106.10(A) to "elect to receive, as part of the surviving spouse's share of an intestate estate * * * the entire interest of the decedent spouse in the mansion house." Additionally, a surviving spouse possesses a statutory right, under R.C. 2106.16(A), to purchase a decedent's interest in the mansion house. The surviving spouse thus possesses "a legal right enforced and protected by law" to elect to receive the entire interest of the decedent spouse in the mansion house or to purchase a decedent's interest in the mansion house. Accordingly, a surviving spouse's rights to elect to receive and to purchase a decedent's interest in the mansion house constitute substantial rights. See In re Estate of Riley , 165 Ohio App.3d 471, 2006-Ohio-956, 847 N.E.2d 22 (4th Dist.), ¶ 10 and fn. 5 (determining that surviving spouse's statutory right to elect to take under the will is a substantial right).
{¶ 14} In the case at bar, the probate court declared appellant the decedent's surviving spouse. Pursuant to R.C. 2106.10(A) and 2106.16(A), appellant therefore possesses a legally enforceable right (1) to elect to receive the decedent's interest in the mansion house and (2) to purchase the decedent's interest in the mansion house (provided, of course, that any other requirements are met). The question then becomes whether the trial court's July 20, 2017 decision that denied appellant's motion to compel affected either right.
{¶ 15} "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mount Sinai Med. Ctr., 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993) (emphasis added.); accord In re Estate of Adkins , 4th Dist. Lawrence No. 16CA22, 2016-Ohio-5602, 2016 WL 4537814, ¶ 7 ; Hartley v. Hartley, 3rd Dist. Marion No. 9-06-26, 2007-Ohio-114, 2007 WL 92370, ¶ 14 ; In re Wyckoff's Estate , 166 Ohio St. 354, 359, 142 N.E.2d 660 (1957) (concluding that proceeding affects substantial right when trial court enters a final determination that "could not be collaterally raised and relitigated in a separate action"). For example, in some cases, " '[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party." State v. Muncie , 91 Ohio St.3d 440, 451, 746 N.E.2d 1092 (2001), quoting Gibson-Myers & Assocs. v. Pearce , Summit App. No. 19358, 1999 WL 980562 (Oct. 27, 1999), *2 ; accord Adkins at ¶ 8. Thus, "[t]o show that an order affects a substantial right, it must be clear that, in the absence of immediate review, the appellant will be denied effective future relief. It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order." In re Estate of Tewksbury , 4th Dist. Pike No. 05CA741, 2005-Ohio-7107, 2005 WL 3642717, ¶ 10 (citations omitted).
{¶ 16} In the case sub judice, the probate court's July 20, 2017 decision denied appellant's motion that requested the court to compel appellee to provide appellant with notice of the sale and to allow her to participate in the sale process. The court additionally granted appellee's request that the court find that appellee need not sell the decedent's real estate to appellant. The court's July 20, 2017 decision, therefore, clearly limits or restricts appellant's right to purchase the decedent's real estate. The effect of the court's *94 July 20 decision is to prevent appellant from purchasing the decedent's interest in the mansion house. If appellant is unable to appeal the trial court's decision, she possesses no other legal avenue to pursue her statutory right to purchase the decedent's interest in the mansion house. We therefore believe that the court's decision affects appellant's substantial right under R.C. 2106.16.[1]
{¶ 17} We do not believe, however, that the trial court's July 20, 2017 decision affects appellant's statutory right under R.C. 2106.10 to elect to receive the decedent's interest in the mansion house. The court's decision does not address R.C. 2106.10(A) at all and does not deny appellant effective future relief and foreclose all future opportunities to seek relief pursuant to R.C. 2106.10(A). In fact, on August 17, 2017, appellant filed an application under R.C. 2106.10(A) to elect to receive the decedent's interest in the mansion house. The record does not indicate whether the trial *95 court has ruled on her application. Thus, the trial court's July 20, 2017 decision does not completely foreclose appellant from exercising her substantial right to elect to receive the decedent's interest in the mansion house.
{¶ 18} We further note that an administrator's authority to sell a decedent's real estate "is subject to the right of the surviving spouse to elect * * * to receive the mansion house as part of [the spouse's] share of the intestate estate." 2 Baldwin's Oh. Prac. Merrick-Rippner Prob. L., Section 91:9. Thus, until the trial court rules on appellant's R.C. 2106.10(A) application, the administrator does not have authority to sell the decedent's real estate. Id. (explaining that surviving spouse's right under R.C. 2106.10(A)"survives * * * until the filing of the final account"). Consequently, the trial court's July 20, 2017 decision does not deprive appellant of her substantial right to elect to receive the decedent's interest in the mansion house.[2] The trial court has not entered a final order regarding appellant's rights under R.C. 2106.10. We therefore do not have jurisdiction to consider appellant's appeal as it relates to R.C. 2106.10.
II
{¶ 19} With our jurisdiction to consider this appeal clarified, we turn to consider whether the probate court erred by failing to find that R.C. 2106.16(A) gives appellant the right to purchase the decedent's interest in the mansion house. The statute reads, in part:
The application or petition provided for in this section shall not be filed prior to filing the inventory required by section 2115.02 of the Revised Code or later than one month after the approval of that inventory. Failure to file an application or petition within that time nullifies the election with respect to the property required to be included, and the real or personal property then shall be free of the right granted in this section.
{¶ 20} In the case sub judice, appellant does not dispute that she failed to file her petition to purchase the mansion house within one month after the probate court approved the inventory. Instead, she contends that her failure to do so resulted from not being recognized as the decedent's surviving spouse until February 2016-well after the court approved the inventory. R.C. 2106.16, however, does not provide for any exception to the one-month time limit. See Frinkley v. Meeker , 11th Dist. Portage No. 2004-P-0022, 2004-Ohio-6696, 2004 WL 2860402, ¶ 12 (noting that statute expressly states that "[f]ailure to file the application within [one-month] deadline nullifies the election of the property").
{¶ 21} We readily admit, nonetheless, that appellant's situation appears to be a novel one not within the contemplation of the legislature when it last amended the statute in 1995. Nevertheless, even if we could read an exception into the statute so as to permit a surviving spouse, who the court did not recognize as such until more than one month after the court approved the inventory, to file an R.C. 2106.16 petition later than one month after the court approved the inventory, we think that any such exception would allow the surviving spouse to file the petition within one month, or some other reasonable time, after the court recognized the individual as the surviving spouse.
{¶ 22} In the case at bar, in February 2016 the probate court recognized appellant as the surviving spouse. Appellant *96 filed her R.C. 2106.16 petition in May 2017. Thus, appellant's petition clearly falls outside the one month time limit set forth in the statute. Additionally, even if an exception existed for appellant's situation, appellant did not file her petition within one month after the court recognized her as the surviving spouse. Instead, appellant waited approximately fifteen months before filing the petition. A fifteen-month delay seems beyond reasonable. Thus, even if we could read an exception into the statute, appellant's conduct would not meet that exception.
{¶ 23} Appellant additionally attempts to argue that her delay in filing the petition is excusable due to the parties' settlement negotiations that later proved fruitless. Again, however, the statute does not provide for an exception when parties are engaged in settlement negotiations.
{¶ 24} Consequently, we believe that the facts establish that appellant did not file her R.C. 2106.16(A) petition within one month after the court approved the inventory, and that no exceptions exist to allow for the fifteen-month delay. Therefore, we do not believe that the trial court erred by denying appellant's motion to compel and by entering an order preventing her from purchasing the decedent's interest in the mansion house.
{¶ 25} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's July 20, 2017 judgment.
JUDGMENT AFFIRMED.
Hoover, P.J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment & Opinion except for Footnote 1

We observe that on April 11, 2017, the trial court granted appellee judgment on her complaint to sell the real estate and issued an order of sale. Appellant did not attempt to appeal this decision.
We additionally point out that on May 2, 2017, appellant filed an R.C. 2106.16(A) petition to purchase the decedent's interest in the mansion house. The next day, the court rejected it as untimely. Appellant did not appeal this decision, and she has not referred to this decision on appeal. Rather, appellant asserts that the trial court has not yet ruled on her petition.
At least one court has compared a probate court's decision that grants an order of sale under R.C. Chapter 2127 to a foreclosure decree and order of sale that gives rise to a final, appealable order. See generally Sky Financial Group, Inc. v. Mogul , 11th Dist. Trumbull No. 2000-T-0038, 2001 WL 603593, *3 (stating that probate court's order of sale constituted final order that party should have appealed within thirty days); accord 2 Baldwin's Oh. Prac. Merrick-Rippner Prob. L., Section 92:32 ("A judgment granting the complaint [filed under R.C. Chapter 2127] and fixing both the priority of liens and the order of distribution is a final order."). Moreover, a probate court's decision that denies a surviving spouse's petition to purchase the decedent's interest in the mansion house appears to meet the requirements of R.C. 2505.02(B)(2). We, however, we express no opinion whether either the April 11 or the May 3, 2017 decisions actually constitute final, appealable orders that would have required appellant to file any notice of appeal within thirty days.
We further point out that App.R. 4(A)(3) provides that in a civil case, the thirty-day time to appeal does not begin to run "if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B)."
Civ.R. 58(B) provides:
When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. * * * The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).
"In those cases in which both Civ.R. 58(B) and App.R. 4(A) are applicable, if service of the notice of judgment and its entry is made within the three-day period of Civ.R. 58(B), the appeal period begins on the date of judgment, but if the appellants are not served with timely notice, the appeal period is tolled until the appellants have been served." State ex rel. Sautter v. Grey , 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 16, citing In re Anderson , 92 Ohio St.3d 63, 67, 748 N.E.2d 67 (2001). Thus, App.R. 4(A)(3)" 'tolls the time period for filing a notice of appeal * * * if service is not made within the three-day period of Civ.R. 58(B).' " Id. , quoting State ex rel. Hughes v. Celeste , 67 Ohio St.3d 429, 431, 619 N.E.2d 412 (1993).
Consequently, if the trial court's April 11 or May 3, 2017 decisions constitute final orders within the meaning of R.C. 2505.02(B)(2), and if the court did not comply with Civ.R. 58(B) (the record on appeal does not indicate that it did), then the thirty-day time for appellant to appeal has not yet begun to run.

We observe that appellee disputes that the real estate constitutes a "mansion house." The trial court, however, has not yet ruled upon this issue.