[Cite as *Ford v. Chamberlin*, 2018-Ohio-4007.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| VICTORIA CHAMBERLIN FORD, | : | Case No. 18CA3844 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BRIAN CHAMBERLIN, ET AL., | : | |
| Defendants-Appellants | : | **RELEASED: 09/26/2018** |

Harsha, J.

{¶1}   Appellant Brian Chamberlin appeals a default judgment entered against him for failing to plead or otherwise defend a declaratory judgment action filed against him. Before we exercised jurisdiction, we ordered him to address whether the trial court has entered a final appealable order.

{¶2}   Chamberlin contends that order is final and appealable under R.C. 2505.02(B)(1) because it affects a substantial right in an action that in effect determines the action and prevents a judgment. He argues "that an accounting and possible issues of attorney fees may remain pending is immaterial to this Court." Appellee Victoria Chamberlin Ford argues that the order is not immaterial and not final because the court ordered an accounting and deferred the determination of the amount of attorney fees. Because the order leaves unresolved issues, it does not satisfy R.C. 2505.02(B)(1).

{¶3}   Likewise, we find that the trial court's default judgment against Chamberlin is not a final appealable order because it does not "affect" a substantial right made in a special proceeding under R.C. 2505.02(B)(2).

{¶4}   We lack jurisdiction and dismiss the appeal.

## I. PROCEDURAL BACKGROUND

{¶5}   Victoria Chamberlin Ford filed a complaint for declaratory judgment to remove Brian Chamberlin as trustee of an inter vivos trust created by her mother, who died in 2013. Ford alleged that Chamberlin had violated his fiduciary duties by failing to file income tax returns, to prepare an inventory of trust assets, or to complete the distribution of assets per the terms of the trust.  Ford sought an order removing Chamberlin as trustee, an order appointing a special fiduciary, and to require Chamberlin to provide an accounting of all trust assets. After Chamberlin failed to answer the complaint, Ford filed a motion for default judgment. The trial court held a hearing and granted a default judgment, finding that Chamberlin had been legally served with the summons and complaint but had failed to answer. The order granted a default judgment to Ford, ordered Chamberlin to file a full and complete accounting within 30 days, enjoined him from engaging in further activities as trustee, and awarded costs and attorney fees to be determined at a later date, "All until further order of this Court." Judgment Entry Granting for Default Judgment, p. 4.

## II. LAW AND ANALYSIS

{¶6}   Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101; *see also*, *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus

(1989). The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15.

{¶7} For purposes of this appeal, the relevant portions of R.C. 2505.02 define a final order as:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right in an action made in a special proceeding or upon a summary application in an action after judgment;

{¶8} The court's order does not satisfy R.C. 2505.02(B)(1) because it fails to determine the action and prevent a judgment. The order does not resolve all claims against all parties and leaves unresolved issues, e.g. the accounting and the determination of attorney fees. Therefore it does not meet the requirements of R.C. 2505(B)(1). See, Painter & Pollis, *Ohio Appellate Practice*, (2016-2017 ed.), § 2.7.

{¶9} To qualify as a final, appealable order under R.C. 2505.02(B)(2), the entry must "affect" a "substantial right" as defined by R.C. 2505.02(A)(1) and be entered "in a special proceeding or upon a summary application in an action after judgment." "A '[s]pecial proceeding' is 'an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.' R.C. 2505.02(A)(2).

{¶10} The probate court issued the order on appeal, which involves trust administration under R.C. Chapters 5801 through 5811 (governing the use of inter vivos trusts in Ohio).  We have characterized probate court matters as "special proceedings"

under R.C. 2505.02(B)(2). *Mayberry v. Chevalier*, 2018-Ohio-781, 106 N.E.3d 89, ¶ 11 (4th Dist.) (recognizing the split in appellate districts but noting that our court has concluded probate proceedings constitute special proceedings); *In re Estate of Riley*, 165 Ohio App.3d 471, 2006-Ohio-956, 847 N.E.2d 22, ¶ 9, fn. 4 (4th Dist.) ("This court has analyzed probate cases under the 'special proceeding' prong of R.C. 2505.02(B)(2)."); *Garden v. Langermeier,* 2017-Ohio-972, 86 N.E.3d 645, ¶ 8 (8th Dist.) ("Most appellate districts * * * consider probate court judgments to have derived from special proceedings for purposes of R.C. 2505.02(B)(2).")

**{¶11}** In addition to being issued in a special proceeding, an order falling within R.C. 2505.02(B)(2) must also "affect" a "substantial right." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect," R.C. 2505.02(A)(1). "An order which *affects* a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." (Emphasis added.) *Bell v. Mount Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993); *but see Thomasson v. Thomasson,* __Ohio St.3d__, 2018-Ohio-2417, __N.E.3d__, ¶ 48-61 (Kennedy, J., concurring, questioning *Bell* and its definition of "affects"); *Mayberry v. Chevalier*, 2018-Ohio-781, 106 N.E.3d 89, ¶ 15 (4th Dist.); *In re Estate of Adkins*, 4th Dist. Lawrence No. 16CA22, 2016-Ohio-5602, ¶ 7; In some cases, " '[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party." *State v. Muncie,* 91 Ohio St.3d 440, 451, 746 N.E.2d 1092 (2001), quoting *Gibson–Myers & Assocs. v. Pearce*, Summit App. No. 19358, 1999 WL 980562 (Oct. 27, 1999), *2; *Adkins* at ¶ 8. Thus, "[t]o show that an

order affects a substantial right, it must be clear that, in the absence of immediate review, the appellant will be denied effective future relief. It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order." *In re Estate of Tewksbury,* 4th Dist. Pike No. 05CA741, 2005-Ohio-7107, ¶ 10 (citations omitted).

**{¶12}** Although Chamberlin has substantial rights under R.C. 5808.15 to exercise his general powers as trustee, he has not demonstrated that those rights are "affected." He has failed to show that in absence of immediate review, he would be foreclosed from appropriate appellate relief from a final judgment following an accounting and a determination of the amount of attorney fees. This distinguishes this case from those involving the removal of an executor of an estate. *See In re Estate of Stavens*, 4th Dist. Jackson No. 06CA11, 2006-Ohio-6699, ¶ 10 ("A probate court's decision granting or denying a motion to remove an executor is a final appealable order.") An order removing an executor "affects" the executor's substantial rights because the removed executor would have no effective or meaningful remedy by appeal following the final resolution of the estate because the estate is closed. A person's missed opportunity to administer the estate is lost and cannot be remedied. *See In re Estate of Sneed,* 166 Ohio App.3d 595, 2006-Ohio-1868, 852 N.E.2d 234, ¶ 17-18 (6th Dist.).

**{¶13}** Here the inter-vivos trust would remain in effect after the accounting and determination of attorney fees, and remain subject to administration by the trustee whomever that might be. Chamberlin has failed to show that he would be foreclosed from being reappointed as trustee after a successful appeal from a final judgment.

**{¶14}** Because the court's order does not affect Chamberlin's substantial right, the order is not final under R.C. 2505.02(B)(2). See Painter & Pollis, *supra* § 2:16.

III. CONCLUSION

**{¶15}** The order granting a default judgment removing a trustee but deferring the determination of attorney fees and an accounting until a later date is not a final appealable order under R.C. 2505.02(B)(1) and it does not affect a substantial right and is not appealable under R.C. 2505.02(B)(2). We lack jurisdiction over the appeal. The appeal is hereby DISMISSED.

**APPEAL DISMISSED. IT IS SO ORDERED.**

Abele, J. and McFarland, J.:  Concur.


For the Court


BY: _____
William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**