[Cite as *Newman v. Jones*, 2020-Ohio-374.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | | |
|---|---|---|---|
| B. Scott Newman, Executor, | : | Case Nos. | 19CA3684 |
| | | | 19CA3685 |
| Plaintiff-Appellant, | : | | |
| v. | : | **DECISION AND JUDGMENT ENTRY** | |
| Tamra[1] Jones, et al., | : | | |
| Defendants-Appellees. | : | **RELEASED: 2/3/20** | |

_____

APPEARANCES:

John H. Farthing and Brian S. Stewart, Farthing & Stewart LLP, Circleville, Ohio, for Appellants B. Scott Newman and Janice Newman.

Richard M. Lewis and Suzanna T. King, The Law Firm of Richard M. Lewis, LLC, Jackson, Ohio, for Appellees Tamara Jones and Angela Roberts.

_____

Hess, A.J.

{¶1}     Appellants B. Scott Newman and Janice Newman (collectively, "the Newmans") filed separate notices of appeal[2] from the May 28, 2019 journal entry of the Ross County Court of Common Pleas, Probate Division, ruling on the parties' motions for summary judgment. After reviewing the notices of appeal, this Court issued Magistrate's Orders directing the Newmans to file memoranda addressing whether the challenged entry is a final appealable order because it does not determine whether all challenged assets belong to the estate. Both the Newmans and Appellees Tamara Jones and Angela Roberts filed memoranda. After reviewing the filings and the relevant

_____

[1] It appears that Ms. Jones' name is actually "Tamara"; however, this Court's practice is to use the case caption employed by the trial court.
[2] The appeals have now been consolidated.

case law, we conclude that the entry is not a final appealable order and **DISMISS** this appeal.

## PROCEDURAL HISTORY

{¶2}   Mr. Newman is the son of the decedent, Ronnie Eugene Newman aka Ronald E. Newman, and Mrs. Newman is the wife of the decedent; Ms. Jones and Ms. Roberts are the decedent's daughters. According to the Newmans' brief, the decedent's will left his probate estate to his daughters, "but [decedent] had undertaken a number of other transactions during his lifetime to provide for his wife and son also." Both Mr. Newman and the appellees filed motions for summary judgment in the trial court seeking a determination as to whether certain items were probate assets that should be included in the Estate's Amended Inventory of Assets. Appellees argued that the items are probate assets while Mr. Newman argued that they are not.

{¶3}   In its May 28, 2019 journal entry, the trial court ruled as follows: (1) J&R Newman, Inc. Stock - there are genuine issues as to several material facts including but not limited to the number of shares issued by the corporation, the owner of those shares, and whether or not any shares were transferred to Mr. Newman prior to the decedent's death therefore the motions for summary judgment regarding the stock are overruled; (2) LCNB bank account 6370 and KNB bank account 7680 – no genuine issue of material fact that the accounts were owned by the decedent as an individual/sole proprietor and upon his death became probate assets therefore appellees' motion for summary judgment is granted; (3) VCNB Safe Deposit Boxes #107/112 and 109 – there is inconsistent language in the lease contract as to whether the named lessees (Mr. Newman and the decedent) are joint tenants with rights of

survivorship therefore there is a genuine issue of material fact and the motions for summary judgment are overruled; (4) PNC Bank safe deposit 1039 – Mrs. Newman is the only person who signed the lease but the decedent is the only person who signed to enter the safe deposit box therefore summary judgment is not appropriate and both motions are overruled; (5) KNB safety deposit boxes 41 and 42 – Mrs. Newman and the decedent both signed the lease agreement but the decedent is the only person who signed to enter the boxes therefore summary judgment is not appropriate and both motions are overruled; (6) KNB payable upon death account, HUC payable upon death account, John Deere Tractor, guns, and Motorist Insurance Policies – the appellees withdrew their "Exceptions to the Amended Inventory" as to those items therefore Mr. Newman's motion for summary judgment as to these items is overruled as moot; and (7) TD Ameritrade account/KIK Technology Stock, Personal Property, Motorist Insurance Annuities – the court could not determine whether the KIK Technology Stock was part of the decedent's Ameritrade account and/or whether it had any value, whether or not the disputed personal property ever existed and/or whether that property constitutes probate assets, and whether the Motorists Insurance Annuities are probate assets therefore all motions for summary judgment as to these items are overruled. The trial court also noted that the parties filed motions for summary judgment on the viability of the appellees' counterclaims for conversion, breach of fiduciary duty, and accounting but noted those motions would be addressed by separate entry. The entry stated that "THIS IS A FINAL APPEALABLE ORDER."

**RELEVANT LAW AND ANALYSIS**

**{¶4}** It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(B)(2), Article IV of the Ohio Constitution. *See, also, General Acc. Ins. Co. v. Insurance Co. of North American*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Lisath v. Cochran*, 4th Dist. Lawrence No. 92CA25, 1993 WL 120627 (Apr. 15, 1993); *In re Christian*, 4th Dist. Athens No. 1507, 1992 WL 174718 (July 22, 1992). R.C. 2505.02 defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment," or "[a]n order that affects a substantial right made in a special proceeding."  R.C. 2505.02(B)(1) and (B)(2).

**{¶5}** The term "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). This Court has concluded that matters related to estate administration ordinarily constitute special proceedings. *Mayberry v. Chevalier*, 4th Dist. Hocking No. 17CA11, 2018-Ohio-781, 106 N.E.3d 89, at ¶ 11 (citations omitted). R.C. 2505.02(A)(1) provides that a "substantial right" is "a right that the United States Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." An order that *affects* a substantial right is one which, if not immediately appealable, the appellant would be foreclosed appropriate relief in the future. *Mayberry at* ¶ 15. "It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief

from the allegedly prejudicial order." *Id.*, citing *In re Estate of Tewksbury*, 4th Dist. Pike No. 05CA741, 2005-Ohio-7107, at ¶ 10.

**{¶6}** When Civ.R. 54(B) applies, the order must comply with both R.C. 2505.02 and Civ.R. 54(B) before it can be deemed a final appealable order. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *Minix v. Collier*, 4th Dist. Scioto No. 98CA2619, 1999 WL 528027 (July 16, 1999). Civ.R. 54(B) provides that:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶7}** Civ.R. 54(B) makes use of the "no just reason for delay" language mandatory. *Noble* at 96, citing *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77, 486 N.E.2d 99 (1985), syllabus. Unless those words appear, the order cannot be either final or appealable even if the trial court declares it to be. *Noble* at 96; *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.*, 87 Ohio App.3d 840, 843, fn. 4, 623 N.E.2d 232 (4th Dist.1993), citing *Pickens v. Pickens*, 4th Dist. Meigs No. 459, 1992 WL 209498 (Aug. 27, 1992).

**{¶8}** Here, the parties asked the court to determine through summary judgment whether certain items, accounts, and the contents of safe deposit boxes belonged to the estate or were non-estate assets. Other than the LCNB and KNB bank accounts –

which the trial court found to be probate assets – the court found that there were genuine issues of material fact as to whether the contested assets belonged to the estate and it denied summary judgment. We note that "[t]he denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal." *Stevens v. Ackman*, 91 Ohio St.3d 182, 186, 2001-Ohio-249, 743 N.E.2d 901, citing *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90, 554 N.E.2d 1292 (1990) and *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 222 N.E.2d 312 (1966). And, a final order is one disposing of the whole case or some separate and distinct branch thereof. *Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, at ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (2001).

**{¶9}** The Newmans concede that although the trial court's entry purports to be a "final appealable order," it does not address all the claims in the underlying case – or even make a final determination as to which assets belong to the estate and which do not. The Newmans also agree that the entry does not include Civ.R. 54(B) language indicating "no just cause for delay."[3] Accordingly, they note that they favor appealing the trial court's entry at a later date, i.e. after all other claims in the underlying case have likewise been determined.

---

[3] We express no opinion as to whether the inclusion of Civ.R. 54(B) language would have resulted in a different conclusion. But we note that a finding that there is no just cause for delay does not transform a non-final order into a final appealable order. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Pettit v. Glenmoor Country Club, Inc.*, 5th Dist. Stark No. 2012-CA-00088, 2012-Ohio-5622.

## CONCLUSION

{¶10} We conclude that the trial court's journal entry does not dispose of the whole case or a separate and distinct branch thereof. We further find that the order does not affect a substantial right belonging to the Newmans because appropriate relief can be afforded them once the trial court makes a full determination as to what assets belong to the estate. Accordingly, we hold that the challenged journal entry is not a final appealable order and **DISMISS** this appeal.

{¶11} The clerk is **ORDERED** to serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail. **IT IS SO ORDERED.**

Smith, P.J. & Abele, J.: Concur.

FOR THE COURT

_____
Michael D. Hess
Administrative Judge